UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE HOUSE, by her guardian ad litem PUBLIC GUARDIAN OF STANISLAUS COUNTY,<br>Plaintiff,<br>v.<br>CAL STATE MORTGAGE CO., INC., a California Corporation; CAL STATE HOME LOANS INC., a California corporation; ALEXANDER GOMEZ; BENJAMIN CAPITAL INC., a California Corporation; MURPHY SABATINO; LARRY MENTON; and JOAN HOUSE, a necessary party,<br>Defendants. | 08-CV-01880-OWW-GSA<br><br>MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO AMEND (Docs. 64 & 67) |

## I. INTRODUCTION

Before the court is Plaintiff's motion for leave to file a Third Amended Complaint. Plaintiff seeks to add four new defendants, and to add and clarify alleged facts. Plaintiff does not seek to allege any new claims or theories of liability.

Defendants Cal State Mortgage Co., Inc. ("Cal State Mortgage"), Cal State Home Loans Inc. ("Cal State Home Loans"), and Alexander Gomez (collectively, the "Cal State Defendants") oppose the motion. Defendant Murphy Sabatino, represented by separate counsel, has "no general objection" to Plaintiff's motion. If leave to amend is granted, all Defendants request a modification of the Scheduling Order to extend the discovery deadlines, the pre-trial motion deadlines, the pre-trial conference and trial date. Plaintiff agrees that such an extension would be appropriate. The following background facts are taken from the parties' submissions

**in connection with the motion and other documents on file in this case.**

**II. BACKGROUND**

**A. <u>Procedural History</u>**

**This is a mortgage fraud case in which Plaintiff, a disabled individual, claims to be the victim of two predatory and discriminatory loans secured by her residence in Turlock, California. On December 5, 2008, Plaintiff filed her initial complaint against those allegedly involved in the illicit lending, including Cal State Mortgage, Cal State Home Loans, Alexander Gomez, Benjamin Capital, Inc. ("Benjamin Capital"), and Murphy Sabatino. (Doc. 1.) Gomez is the president, owner, operator, and designated broker of Cal State Home Loans and Cal State Mortgage. Murphy Sabatino is a licensed broker and officer of Benjamin Capital.**

**On February 9, 2009, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right under Rule 15. (Doc. 12.) The FAC retained all five original defendants and added two more: Larry Menton and Joan House. Menton allegedly participated in arranging the predatory loans at issue. Joan[1] is Plaintiff's sister who co-owns, with Plaintiff, the Turlock residence. Allegedly Joan is a dependent adult with mental limitations. Plaintiff added Joan as a necessary party against whom no relief is sought.**

**On February 16, 2009, the Cal State Defendants filed a motion**

---

[1] **For sake of clarity, Joan House is referred to by her first name.**

**to dismiss (Docs. 24 and 26) all claims in the FAC. On July 9, 2009, the motion was denied in part and granted in part with leave to amend. (Doc. 49.) The Memorandum Decision and Order on the motion to dismiss specified that "Plaintiff shall file a Second Amended Complaint . . . within twenty (20) days" of the filing date of the Memorandum Decision and Order. (*Id.* at 49.)**

**A scheduling conference was held following the Memorandum Decision and Order. On July 28, 2009, a Scheduling Order was issued. (Doc. 53.) Under a section of the Scheduling Order entitled "Orders re Amendments To Pleadings" it states that "Plaintiffs plan to file a Second Amended Complaint on or before July 29, 2009." (*Id.* at 3.) Later in the Scheduling Order, under a section entitled "Pre-Trial Motion Schedule," dates were set for the filing of non-dispositive and dispositive pre-trial motions. (*Id.* at 7.)**

**On July 29, 2009, Plaintiff filed her Second Amended Complaint. This pleading retained all the same defendants, and no new defendants were added.**

**B. <u>The Second Amended Complaint</u>**

**The Second Amended Complaint, currently the operative pleading, asserts claims for: (1) violation of the Truth In Lending Act; (2) violation of the Home Ownership and Equity Protection Act; (3) violation of the Real Estate Settlement Procedures Act; (4) violation of the Fair Housing Act; (5) violation of the California Fair Employment and Housing Act; (6) violation of the California Covered Loans Law; (7) breach of fiduciary duty; (8) financial abuse under the California Welfare and Institution Code; (9) fraud; and (10) a violation of California's Unfair Competition Law,**

California Business & Professions Code § 17200.

Plaintiff's claims relate to three mortgage loans, two of which Plaintiff asserts were predatory and tainted with various forms of illegality. As alleged, after inheriting the Turlock Residence, Plaintiff and her sister obtained a $10,000 mortgage in order to renovate their kitchen. Due to their mental illness, and inability to transact business and take care of their property, Plaintiff and her sister were unable to keep up with the payments. By 2005, they faced foreclosure.

Judy Towns, a non-party to this action, learned of Plaintiff's financial predicament and spoke with Menton regarding the foreclosure. Towns believed that Menton, an alleged agent with Benjamin Capital, could assist Plaintiff with refinancing into an affordable loan. Menton allegedly informed Towns that he would take care of everything.

Allegedly, Benjamin Capital set up, and the "Cal State Defendants"[2] issued, a predatory loan to Plaintiff and her sister. This predatory loan closed on July 1, 2005 (the "July loan"). The July loan is a five-year, interest-only loan for $28,500 with a 20.995% APR. Of the loan amount, $11,182 was deducted to pay off the outstanding $10,000 mortgage. The Cal State Defendants charged certain fees for the July loan, as did Benjamin Capital, Menton, and Sabatino.

Less than six months later, on December 7, 2005, "Defendants" arranged for and extended a larger and more expensive "predatory"

---

[2] The "Cal State Defendants" include Gomez, Cal State Home Loans and Cal State Mortgage.

loan to Plaintiff and her sister. This loan closed on December 15, 2005 (the "December loan"). Loan documents indicate that Sabatino completed Plaintiff's loan application. The December loan is a five-year, interest-only loan for $50,000 with an 18.941% APR. Once again, the Cal State Defendants charged certain fees for the December loan, as did Benjamin Capital, Menton, and Sabatino.

The Second Amended Complaint alleges that the APR, fees, commissions, charges, and balloon payments for the July and December loans were excessive, unearned, and unaffordable. Allegedly, each loan was arranged by Benjamin Capital, Menton, Sabatino and their agents, and extended by the Cal State Defendants and their agents, in an effort to collect excessive and unlawful fees, charges, commissions and interest.

C. Plaintiff's Motion To Amend And Proposed Third Amended Complaint

After conducting depositions in September and November 2009, and after receiving responses back to written discovery,[3] Plaintiff represents that she identified four additional parties who, along with the currently named defendants, were "involved in the two predatory loans that at are issue in this action." Accordingly, on December 14, 2009, Plaintiff filed this motion for leave to file a Third Amended Complaint. The four defendants Plaintiff seeks to add are: Cal State Growth Fund, a California Corporation, Roxanna Seward, Leonette Belling, and Milton McLaurin.

As to how these Defendants were involved in the predatory loans, through private investments by *Leonette Belling, Cal State*

---

[3] *See* Wakily Decl. (Doc. 65).

*Growth Fund* allegedly provided the funding for the July and December loans. *Seward*, the co-owner and vice president of Cal State Home Loans and Cal State Mortgage, allegedly served as the loan officer for the July and December Loans. *Belling* along with *Seward* (as well as Defendant Gomez) allegedly reviewed and approved of the July and December loans. *McLaurin*, a co-owner of Defendant Benjamin Capital and Defendant Menton's half brother, allegedly participated in extending the predatory loans.

As alleged in the proposed Third Amended Complaint, each loan was arranged by Benjamin Capital, Menton, Sabatino, McLaurin, and their agents, and extended by the "Cal State Defendants." In the Third Amended Complaint, the "Cal State Defendants" now include the Cal State Growth Fund (as the fund supplier), Belling and Seward. In essence, the proposed Third Amended Complaint adds one more defendant to the Benjamin Capital side of the equation (McLaurin) and three more defendants to the Cal State side of the equation (Cal State Growth Fund, Belling and Seward).

Aside from adding four defendants, the proposed Third Amended Complaint also alleges a few additional background facts. For example, the proposed Third Amended Complaint alleges that Sabatino brokered the July and December loans. In addition, the proposed Third Amended Complaint clarifies certain facts pled in the Second Amended Complaint. For example, the proposed Third Amended Complaint removes the allegations in the Second Amended Complaint that the July and December loans were "interest-only" loans.

D. Amended Scheduling Conference Order

Before Plaintiff filed her motion for leave to amend, the Scheduling Conference Order was modified by court order on December

**2, 2009. (Doc. 63.) The Scheduling Conference Order, as modified, designates March 19, 2010, as the deadline for filing non-dispositive motions, March 26, 2010, as the deadline for filing dispositive pre-trial motions, and March 12, 2010, as the discovery cutoff. Plaintiff filed her motion for leave to file a Third Amended Complaint on December 14, 2009, well before the motion deadlines and discovery cutoff.[4]**

## III. STANDARD OF DECISION

**When, as here, a party can longer amend its pleading as a matter of right, under Rule 15(a)(2) a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)'s liberal policy in favor of "granting leave to amend is not dependent on whether the amendment will add causes of action or parties."** ***DCD Programs, Ltd. v. Leighton*****, 833 F.2d 183, 186 (9th Cir. 1987).**

**Rule 15(a)'s liberality is, however, tempered by consideration of several factors. A "district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."** ***AmerisourceBergen Corp. v. Dialysist West, Inc.*****, 465 F.3d 946, 951 (9th Cir. 2006);** ***see also Johnson v. Buckley*****, 356 F.3d 1067, 1077 (9th Cir. 2005) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of**

---

[4] **No summary judgment motion has been filed in this case.**

**amendment, and whether the plaintiff has previously amended the complaint.”). Under a Rule 15(a) analysis, the “consideration of prejudice to the opposing party . . . carries the greatest weight.” *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). “Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party.” *Leighton*, 833 F.2d at 187. Accordingly, “[a]voiding prejudice to the party to be added . . . becomes [a] major objective.” *Id.* (internal quotation marks omitted) (first alteration in original).**

## IV. DISCUSSION AND ANALYSIS

### A. Preliminary Matter – The Timeliness of Plaintiff’s Motion

**Preliminarily, the Cal State Defendants argue that Rule 15(a) is not the appropriate rule under which to analyze Plaintiff’s motion. Defendants argue that Plaintiff’s motion for leave to file a Third Amended Complaint was filed beyond the deadline established by the Scheduling Order. According to Defendants, Plaintiff must first show “good cause” to amend the Scheduling Order under Rule 16.**

**In support of their argument, the Cal State Defendants point to the initial Scheduling Order dated July 28, 2009, where it states that “Plaintiffs plan to file a Second Amended Complaint on or before July 29, 2009.” (*Id.* at 3.) Based on this quoted language, Defendants contend that Plaintiff was required to file her Second Amended Complaint *and* her *Third Amended Complaint* by July 29, 2009. This argument is patently absurd. On its face, the initial Scheduling Order mentioned only the “Second Amended Complaint” and did not establish, or in any way even suggest, a**

**July 29, 2009, deadline for filing a *Third Amended Complaint*.**

***The Memorandum Decision and Order* on the motion to dismiss (not the Scheduling Order) granted Plaintiff leave to amend her FAC and established the deadline for filing the *Second Amended Complaint*, i.e., within twenty (20) days of filing of the Memorandum Decision and Order. Plaintiff complied with this deadline. She filed her Second Amended Complaint on July 29, 2009. After filing her Second Amended Complaint, the only way Plaintiff could amend her complaint yet again was through a motion requesting leave to amend.**

**As to the motion deadline, the Scheduling Order, as amended, designates March 19, 2010, as the deadline for non-dispositive motions and March 26, 2010, as the deadline for dispositive pre-trial motions. Plaintiff filed her motion for leave to amend on December 14, 2009. Her motion was timely under the Scheduling Order and Rule 16 does not apply. Plaintiff's motion for leave to amend is governed by *Rule 15*, not Rule 16. *See AmerisourceBergen Corp.*, 465 F.3d at 952 (concluding that because the plaintiff "filed its motion for leave to amend within the deadline set by the district court" Rule 15, not Rule 16, applied).**

**B. Rule 15(a) Factors**

**Certain Rule 15(a) factors are not at issue in this motion. No party suggests that the proposed amendment is sought in bad faith, that Plaintiff unreasonably delayed in bringing this motion, or that granting the proposed amendment would cause undue delay in the proceedings.**

**As for prejudice, the most important factor, only Defendant Sabatino explicitly raises an argument about prejudice. Sabatino**

**contends that Plaintiff's amendment would cause prejudice if the discovery deadlines, the motion deadlines, the pretrial conference and the trial date are not extended.**

**1. <u>Prejudice</u>**

**Prejudice can arise when a proposed amendment contains new allegations that would require additional discovery and cause delay in the proceedings. *See, e.g., Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir. 2000) (finding prejudice where "granting the request to amend the complaint would likely have required reopening discovery so that [defendant] could develop its evidence to prepare its defenses to this [additional] theory"); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding prejudice where the amendment sought "would have required further discovery" late in the litigation); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").**

**Here, no party disputes that the addition of four new defendants would require additional discovery concerning their involvement in this case and would also cause some delay in the proceedings. Plaintiff agrees with Defendants that if the motion for leave were granted, the Scheduling Order "should be re-opened to allow parties sufficient time to prepare for trial."**

**Normally, when a proposed pleading amendment would require additional discovery and cause delay in the proceedings, a finding of prejudice is warranted. Here, however, Defendants do not argue that the need for additional discovery and delay in the proceedings**

would cause them any prejudice. Instead, Defendant Sabatino argues that the amendment *would* cause prejudice *if* the current discovery deadlines, the deadlines on pre-trial motions, and the pre-trial conference and trial date were not extended. Likewise, the Cal State Defendants suggest that if the motion to amend is granted, these deadlines and dates should be extended "to avoid any prejudice." This is a rare case in which the defendants, when faced with a motion to amend the complaint, are actually *requesting*, but not objecting to, additional discovery and trial preparation time. On the facts of this case, the pleading amendment would not cause prejudice to Defendants. Any prejudice to the four new defendants can be obviated by modifying the current Scheduling Order's deadlines and dates.

2. Futility

The Cal State Defendants argue that Plaintiff's proposed addition of Belling and Seward as defendants is "futile" because the entities for whom these individuals allegedly work, Cal State Mortgage and/or Cal State Home Loans, are already named defendants. In turn, these named entity defendants potentially face respondeat superior liability for Belling and Seward's actions. According to the Cal State Defendants, nothing in the proposed Third Amended Complaint suggests that Belling and Seward were acting in their "individual capacities," i.e., in some capacity other than as an employee within the scope of their employment with Cal State Mortgage and/or Cal State Home Loan. The Cal State Defendants argue that "there is nothing that Plaintiff can recover from Belling and Seward that she cannot already recover from the

**[currently named] Cal State Defendants."[5]**

**This argument is not persuasive. Even assuming the currently named Cal State entity defendants face liability, as employers, for Belling and Seward's conduct, the Cal State Defendants fail to explain why it is improper for Plaintiff to sue Belling and Seward individually for their alleged illegal conduct. For example, there is no argument that the federal and state statutes purportedly violated in this case do not give rise to individual liability.**

**Nor could it be argued that Belling and Seward cannot be held individually liable for fraud. Common law fraud is a tort, and "an agent or employee is always liable for his own torts, whether his employer is liable or not."** ***Shafer v. Berger, Kahn, Shafton, Figler, Simon & Gladstone*****, 107 Cal. App. 4th 54, 68 (2003) (internal quotation marks omitted). Belling and Seward face individual liability for any fraud they committed, even if, at the time of the fraud, they were acting within the course and scope of their employment with any currently named defendant. Plaintiff is entitled to seek recourse against each potentially responsible individual party.**

**The Cal State Defendants further argue that Plaintiff's proposed addition of "Cal State Growth Fund" as a separate defendant is "futile." According to the Cal State Defendants, "Plaintiff fails to explain why or how" Cal State Growth Fund's purported funding of the predatory loans creates any "additional liability" in this case. The Cal State Defendants overlook additional allegations in the proposed Third Amended Complaint that**

---

**[5] The Cal State Defendants make the same argument with respect to McLaurin who allegedly worked for Benjamin Capital.**

link Cal State Growth Fund to the claimed illegality. For example, the Third Amendment Complaint explains that each loan was "extended by the Cal State Defendants," including Cal State Growth Fund, as part of an effort to "collect excessive and unlawful fees, charges, commission, and interest." (Doc. 64-2 at 12 & n.1.) Elsewhere in the Third Amended Complaint, Plaintiff alleges that "[*e*]*ach* defendant charged excessive fees, interest, charges and commissions" (Doc. 64-2 at 25 (emphasis added)) and that "Cal State Growth Fund," among other defendants, committed fraud by "misrepresenting . . . that the loans were open lines of credit" (Doc. 64-2 at 26). In others words, Plaintiff has alleged facts implicating Cal State Growth Fund in the purported illegality. It is the *Cal State Defendants* (not Plaintiff) who have failed to explain why or how Cal State Growth Fund cannot be held liable for its participation in the asserted illegality.

In light of the record and arguments presented, a consideration of the relevant factors does not overcome Rule 15(a)'s liberal policy in favor of permitting amendment to include any potentially responsible party. Leave to amend is appropriate.

## V. CONCLUSION

For the reasons stated, Plaintiff's motion for leave to file a Third Amended Complaint is GRANTED.

Within five (5) days following electronic service of this decision, the parties shall contact the courtroom deputy to set a scheduling conference.

IT IS SO ORDERED.

**Dated: February 26, 2010** **/s/ Oliver W. Wanger**

UNITED STATES DISTRICT JUDGE