1
2
3
4
5

DOWNEY BRAND LLP
KEVIN SEIBERT (Bar No. 119356)
ANNIE S. AMARAL (Bar No. 238189)
621 Capitol Mall, Eighteenth Floor
Sacramento, CA 95814-4686
Telephone:     (916) 444-1000
Facsimile:      (916) 444-2100
kseibert@downeybrand.com
aamaral@downeybrand.com

6
7
8

Attorneys for Defendants
CAL STATE MORTGAGE CO., INC., a California
corporation; CAL STATE HOME LOANS, a California
Corporation; and ALEXANDER GOMEZ

9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE HOUSE, by her guardian ad litem, PUBLIC GUARDIAN OF STANISLAUS COUNTY, | CASE NO. 1:08-CV-01880-OWW-GSA |
| Plaintiff, | **DEFENDANTS CAL STATE MORTGAGE CO., INC., CAL STATE HOME LOANS, INC., CAL STATE GROWTH FUND, ALEXANDER GOMEZ, AND ROXANNA SEWARD'S ANSWER TO THIRD AMENDED COMPLAINT** |
| v. | |
| CAL STATE MORTGAGE CO., INC., a California corporation; CAL STATE HOME LOANS, INC., a California corporation; CAL STATE GROWTH FUND, a California corporation, ALEXANDER GOMEZ; Roxanna seward; leonette belling; BENJAMIN CAPITAL, INC., a California corporation; MURPHY SABATINO; MILTON MCLAURIN; LARRY MENTON; and JOAN HOUSE, a necessary party. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Cal State Mortgage Co., Inc. ("Cal State Mortgage"), Cal State Home Loans,

Cal State Growth Fund ("CSGF"), Alexander Gomez ("Gomez"), and Roxanna Seward

("Seward") (collectively "Cal State") respectfully answer the Third Amended Complaint

("TAC") of Plaintiff Josephine House, by her guardian ad litem, Public Guardian of Stanislaus

County ("Plaintiff"), as set forth below. Specifically, in answer to the separately numbered

paragraphs of the TAC, Cal State states as follows:

DOWNEY BRAND LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP

## GENERAL DENIAL

Except as expressly admitted herein, Cal State denies each and every allegation in Plaintiff's TAC.

### I.     INTRODUCTION

1.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff is a disabled adult, and on that basis, denies this allegation. Cal State admits the remaining allegations of this paragraph.

### II.     JURISDICTION AND VENUE

2.     This paragraph does not contain any allegations of material fact but rather alleges legal conclusions and, therefore, Cal State neither admits nor denies them.

3.     This paragraph does not contain any allegations of material fact but rather alleges legal conclusions and, therefore, Cal State neither admits nor denies them.

### III.     PARTIES

4.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff, at all times relevant to this action, resided with her sister in a home located in Turlock, California and is and was disabled, and on that basis, denies these allegations.  Cal State admits, only on information and belief, that Plaintiff is represented in this action by her conservator and guardian ad litem, the Public Guardian of Stanislaus County.  The remainder of this paragraph does not contain any allegations of material fact but rather alleges legal conclusions and, therefore, Cal State neither admits nor denies them.

5.     Cal State admits that Gomez is a licensed real estate broker and president, operator, and designated broker of Cal State Home Loans and Cal State Mortgage.  Cal State admits that Gomez is the president of CSGF and the designated agent for service of process for Cal State Mortgage, Cal State Home Loans, and CSGF.  Cal State denies each and every other material allegation in this paragraph.

6.     Cal State admits that CSGF is a California corporation with its principal place of business in California.  Cal State denies each and every other material allegation in this paragraph.

ANSWER TO THIRD AMENDED COMPLAINT

DOWNEY BRAND LLP

7.     Cal State denies that Leonette Belling ("Belling") funded the July and December loans through CSGF.  Cal State admits that Belling was an owner of Cal State Mortgage, Cal State Home Loans, and CSGF when the July and December loans originated.  Cal State admits that Belling is a consultant for Cal State Mortgage and Cal State Home Loans, and that she receives financial compensation for her role as a consultant for Cal State Home Loans and Cal State Mortgage.  Cal State denies that Belling is an officer of Cal State Mortgage and Cal State Home Loans.  Cal State denies that Belling, at all times relevant to this action, participated in the daily activities of Cal State Mortgage, Cal State Home Loans, and CSGF.  Cal State is without information to admit or deny whether Belling is aware of the pending action, and on that basis denies this allegation.  Cal State is informed and believes and based solely thereon admits that Belling was not licensed by the DRE at all times relevant to this action.

8.     Cal State admits the allegations in Paragraph 8 of the TAC.

9.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 9, and on that basis denies each and every allegation contained therein.

10.    Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 10, and on that basis denies each and every allegation contained therein.

11.    Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 11, and on that basis denies each and every allegation contained therein.

12.    Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 12, and on that basis denies each and every allegation contained therein.

13.    Cal State admits, only on information and belief, that Defendant Joan House is Plaintiff's sister and is a co-owner of the Turlock home.  Cal State is without sufficient knowledge or information to form a belief as to the truth of the remaining material allegations contained in Paragraph 13, and on that basis denies each and every allegation contained therein.

14.     Paragraph 14 does not contain any allegations of material fact but rather alleges legal conclusions and, therefore, Cal State neither admits nor denies them.

## IV.     FACTS

A.     <u>JOSEPHINE HOUSE INHERITS HER PARENTS' HOME AND RECEIVES A MORTGAGE LOAN</u>

15.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 15, and on that basis denies each and every allegation contained therein.

16.     Cal State admits that when Plaintiff applied for a loan in 2005, her home was being foreclosed upon by a different lender.  Cal State is without sufficient knowledge or information to form a belief as to the truth of the remaining material allegations contained in Paragraph 16, and on that basis denies them.

B.     <u>JOSEPHINE HOUSE'S HISTORY OF MENTAL ILLNESS</u>

17.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 17, and on that basis denies each and every allegation contained therein.

18.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 18, and on that basis denies each and every allegation contained therein.

19.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 19, and on that basis denies each and every allegation contained therein.

20.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 20, and on that basis denies each and every allegation contained therein.

21.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 21, and on that basis denies each and every allegation contained therein.

DOWNEY BRAND LLP

22.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 22, and on that basis denies each and every allegation contained therein.

23.     Paragraph 23 does not contain any allegations of material fact but rather alleges legal conclusions and, therefore, Cal State neither admits nor denies them.

24.     Cal State denies each and every allegation contained in Paragraph 24 of the TAC.

C.      <u>TURLOCK BEHAVIORAL HEALTH AND RECOVERY SERVICES SPEAKS WITH LARRY MENTON REGARDING THE FORECLOSURE</u>

25.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 25, and on that basis denies each and every allegation contained therein.

26.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 26, and on that basis denies each and every allegation contained therein.

27.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 27, and on that basis denies each and every allegation contained therein.

28.     Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 28, and on that basis denies each and every allegation contained therein.

D.      <u>BENJAMIN CAPITAL SETS UP AND CAL STATE MAKES A PREDATORY LOAN TO PLAINTIFF AND HER SISTER</u>

29.     In response to Paragraph 29, Cal State admits all material allegations contained therein.

30.     In response to Paragraph 30, Cal State admits on information and belief only that Plaintiff's home was appraised for approximately $332,000 in or about June 2005.  Cal State admits that Cal State Mortgage charged Plaintiff $350 for the appraisal.  Cal State is without sufficient knowledge or information to form a belief as to the truth of the remaining material

ANSWER TO THIRD AMENDED COMPLAINT

DOWNEY BRAND LLP

1   allegations contained in Paragraph 30, and on that basis denies them.  The allegation that "the

2   $350 appraisal fee was not reasonable and bona fide and was excessive" is a legal conclusion and,

3   therefore, Cal State neither admits nor denies this allegation.

4          31.     Cal State admits that the monthly payment was for $335.43, that the annual

5   percentage rate was 20.995%, and that Plaintiff's final payment of $28,379.41 would come due

6   on July 1, 2010.  Except as so admitted, Cal State denies all material allegations contained in

7   Paragraph 31.

8          32.     Cal State is without sufficient knowledge or information to form a belief as to the

9   truth of the allegation that Plaintiff and her sister received approximately $450 each as part of the

10  July loan transaction, and on that basis denies this allegation.  Cal State admits on information

11  and belief only the remaining material allegations in Paragraph 32.

12         33.     Cal State admits that the July loan was funded by CSGF.  Except as so admitted,

13  Cal State denies all material allegations contained in Paragraph 33.

14         34.     In answering Paragraph 34, Cal State denies that each defendant charged Plaintiff

15  a 7.5% origination fee.  The remaining allegations in Paragraph 34 are not allegations of material

16  fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

17         35.     Cal State admits that Cal State Mortgage charged a 7.5% origination fee in the

18  amount of $2,137.50.  Cal State admits, on information and belief only, the remaining material

19  allegations in Paragraph 35.

20         36.     In answering Paragraph 36 of the TAC, Cal State admits these allegations insofar

21  as they apply to Cal State.  To the extent the allegations in Paragraph 36 are alleged against

22  Benjamin Capital, Cal State is without sufficient information to admit or deny these allegations,

23  and on that basis denies them.

24         37.     Cal State admits that Cal State Mortgage charged Plaintiff $335 for a processing

25  fee, $495 for a document fee, and $90 for a funding fee.  Cal State admits, on information and

26  belief only, that Defendants Sabatino, Menton, and McLaurin, through Benjamin Capital also

27  charged Plaintiff a processing fee for $495.  Except as so admitted, Cal State denies any material

28  allegations in Paragraph 37.

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

DOWNEY BRAND LLP

E.    THE DEFENDANTS MAKE A SECOND PREDATORY LOAN LESS THAN SIX MONTHS LATER

38.    Cal State admits that Cal State Mortgage made a second loan to Plaintiff, which closed on December 15, 2005.  Cal State admits that the second loan was larger than the first loan.  Except as so admitted, Cal State denies all material allegations contained in Paragraph 38.

39.    Cal State is without sufficient knowledge or information to form a belief as to the truth of the material allegations contained in Paragraph 39, and on that basis denies each and every allegation contained therein.

40.    Cal State admits that the monthly payments were $549.19, that the annual percentage rate was 18.941%,and that Plaintiff's final payment of $49,571.16 would come due on January 1, 2011.  Except as so admitted, Cal State denies all material allegations contained in Paragraph 40.

41.    Cal State admits that the December loan was funded by CSGF.  Except as so admitted, Cal State denies all material allegations contained in Paragraph 41.

42.    Cal State admits that $28,742.75 was deducted to pay off the July loan, and that this was a precondition for extending the December loan.  Cal State is without sufficient knowledge or information to form a belief as to the truth of the remaining material allegations contained in Paragraph 42, and on that basis denies them.

43.    Cal State admits that Cal State Mortgage charged a 7.5% origination fee in the amount of $3,750.  Cal State admits, on information and belief only, the remaining material allegations in Paragraph 43.

44.    In answering Paragraph 44 of the TAC, Cal State admits these allegations insofar as they apply to Cal State.  To the extent the allegations in Paragraph 44 are alleged against Benjamin Capital, Cal State is without sufficient information to admit or deny these allegations, and on that basis denies them.

45.    Cal State admits that Cal State Mortgage charged Plaintiff $335 for a processing fee, $495 for a document fee, and $90 for a funding fee.  Cal State admits, on information and belief only, that Defendants Sabatino, Menton, and McLaurin, through Benjamin Capital also

1   charged Plaintiff a processing fee for $495.  Except as so admitted, Cal State denies any material

2   allegations in Paragraph 45.

3           46.     Cal State admits that Gomez reviewed and approved the July and December loans.

4   Except as so admitted, Cal State denies all material allegations contained in Paragraph 46.

5           47.     The allegations in Paragraph 47 are not allegations of material fact but rather legal

6   conclusions and, therefore, Cal State neither admits nor denies them.  To the extent an admission

7   or denial is required, Cal State denies these allegations in full.

8           48.     Cal State admits that Cal State Mortgage was the lender of both the July and

9   December loans.  Cal State admits, on information and belief only, that each loan was arranged

10  by Benjamin Capital, Menton, Sabatino, McLaurin, and their agents.  Except as so admitted, Cal

11  State denies all material allegations contained in Paragraph 48.

12          49.     Cal State denies each and every allegation in Paragraph 49.

13      F.      THE COUNTY APPOINTS CONSERVATORS FOR THE HOUSE SISTERS

14          50.     Cal State is without sufficient knowledge or information to form a belief as to the

15  truth of the material allegations contained in Paragraph 50, and on that basis denies each and

16  every allegation contained therein.

17          51.     Cal State is informed and believes and based solely thereon admits that the

18  allegations contained in Paragraph 51 of the TAC are true.

19          52.     The allegations in Paragraph 52 are not allegations of material fact but rather legal

20  conclusions and, therefore, Cal State neither admits nor denies them.

21          53.     The allegations in Paragraph 53 are not allegations of material fact but rather legal

22  conclusions and, therefore, Cal State neither admits nor denies them.

23      G.      HOUSE RESCINDS THE CAL STATE LOANS

24          54.     In answer to Paragraph 54, Cal State denies each and every allegation contained

25  therein.

26      H.      THE DEFENDANTS INJURED PLAINTIFF

27          55.     The allegations in Paragraph 55 are not allegations of material fact but rather legal

28  conclusions and, therefore, Cal State neither admits nor denies them.

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

56.     The allegations in Paragraph 56 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

57.     The allegations in Paragraph 57 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

## V.   CLAIMS

**FIRST CLAIM**
**Truth in Lending Act (TILA)**
**(As to Cal State Mortgage, Cal State Home Loans and Alexander Gomez)**

58.     Cal State reasserts and incorporates herein by reference Paragraphs 1-57 as though fully set forth herein.

59.     Cal State admits that, at all times relevant to this action, Cal State Mortgage and Cal State Home Loans regularly extended or offered to extend consumer credit, and Cal State further admits that the consumer credit extended or offered is subject to a finance charge or is payable by written agreement in more than four installments.  Cal State denies that Cal State Growth Funds, Gomez, Belling, or Seward regularly extended or offered to extend consumer credit, which is subject to a finance charge or is payable by written agreement in more than four installments.  Cal State admits that Cal State Mortgage is the defendant to whom the subject transactions were initially payable.  Cal State denies each and every other allegation contained in Paragraph 59, and denies those allegations that characterize TILA on the grounds that the statute speaks for itself.

60.     Cal State denies that Plaintiff has a right of rescission.  Cal State denies each and every allegation contained in Paragraph 60 that characterizes TILA on the grounds that the statute speaks for itself.

61.     Cal State denies that it failed to provide Plaintiff with the notice of her right to cancel the July loan.  Cal State denies each and every allegation contained in Paragraph 61 that characterizes TILA on the grounds that the statute speaks for itself.

62.     In answer to Paragraph 62, Cal State denies each and every allegation contained therein.  Cal State denies each and every allegation contained in Paragraph 62 that characterizes TILA and Regulation Z on the grounds that the statute and regulation speak for themselves.

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

1    63.    In answer to Paragraph 63, Cal State denies each and every allegation contained

2    therein.  Cal State denies each and every allegation contained in Paragraph 63 that characterizes

3    TILA on the grounds that the statute speaks for itself.

4    64.    Cal State denies that it violated TILA.  The remaining allegations in Paragraph 64

5    are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither

6    admits nor denies them.

7    65.    Cal State denies that it violated TILA.  The remaining allegations in Paragraph 65

8    are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither

9    admits nor denies them.

## SECOND CLAIM
### Home Ownership and Equity Protection Act (HOEPA)
**(As to Cal State Mortgage, Cal State Home Loans and Alexander Gomez)**

66.    Cal State reasserts and incorporates herein by reference Paragraphs 1-65 as though
fully set forth herein.

67.    Cal State denies each and every allegation contained in Paragraph 67, all of which
characterize HOEPA, on the grounds that the statute speaks for itself.

68.    Cal State admits that the loans Cal State Mortgage extended to Plaintiff were
secured by Plaintiff's home.  Cal State is without sufficient knowledge or information to form a
belief as to the truth of the allegation that this home was Plaintiff's principal dwelling, and on this
basis denies this allegation.  Cal State denies each and every allegation contained in Paragraph 68
that characterizes HOEPA on the grounds that the statute speaks for itself.

69.    Cal State admits that the total points and fees charged for each loan exceeded eight
percent of the total loan amount and is greater than $510.  Cal State denies each and every
allegation contained in Paragraph 69 that characterizes HOEPA on the grounds that the statute
speaks for itself.

70.    Cal State denies that each loan was extended by the Cal State Defendants, based
on the equity in Plaintiff's home without regard to her ability to repay, including her current and
expected income and current obligations and employment.  Cal State denies each and every
allegation contained in Paragraph 70 that characterizes HOEPA on the grounds that the statute

DOWNEY BRAND LLP

1   speaks for itself.

2       71.    Cal State denies that the July and December loans are HOEPA loans subject to

3   additional disclosures that Cal State failed to provide.  Cal State denies each and every allegation

4   contained in Paragraph 71 that characterizes HOEPA on the grounds that the statute speaks for

5   itself.

6       72.    Cal State lacks sufficient information to form a basis as to the truth of the

7   statement that the July and December loans were not in Plaintiff's interest, and on that basis

8   denies this allegation.  Cal State denies each and every allegation contained in Paragraph 72 that

9   characterizes HOEPA or Regulation Z on the grounds that the statute and regulation speak for

10  themselves.  Cal State denies that it violated HOEPA and/or Regulation Z.

11      73.    Cal State denies that it structured the July and December loans as open ended

12  plans to evade the requirements of § 226.32.  Cal State denies that it violated Regulation Z.  Cal

13  State denies each and every allegation contained in Paragraph 73 that characterizes Regulation Z

14  on the grounds that the regulation speak for itself.

15      74.    The allegations in Paragraph 74 are not allegations of material fact but rather legal

16  conclusions and, therefore, Cal State neither admits nor denies them.

17      75.    The allegations in Paragraph 75 are not allegations of material fact but rather legal

18  conclusions and, therefore, Cal State neither admits nor denies them.

19                          **THIRD CLAIM**
                  **Real Estate Settlement Procedures Act (RESPA)**
20                        **(As to All Defendants)**

21      76.    Cal State reasserts and incorporates herein by reference Paragraphs 1-75 as though

22  fully set forth herein.

23      77.    Cal State admits that the loans were secured by a first lien on residential real

24  property.  Cal State admits that the December loan was used to pay off the July loan, which was

25  secured by the same property.  Cal State is without sufficient knowledge or information to form a

26  belief as to the truth of the allegation that this home was designed principally for the occupancy

27  of one to four families, and on this basis denies this allegation.  Cal State denies each and every

28  allegation contained in Paragraph 77 that characterizes RESPA and its implementing regulations

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

1  on the grounds that the statute and regulations speak for themselves.

2  78.    Cal State denies each and every allegation contained in Paragraph 78, all of which
3  characterize RESPA, on the grounds that the statute speaks for itself.

4  79.    In answer to Paragraph 79 of the Complaint, Cal State denies each and every
5  allegation contained therein.

6  80.    Cal State admits the 7.5% origination fee was based partly on future risk
7  associated with the loan.  Cal State denies each and every allegation contained in Paragraph 80
8  that characterize RESPA on the grounds that the statute speaks for itself.

9  81.    Cal State denies that it charged Plaintiff a 7.5% origination fee for services that
10  were not performed.  Cal State is without sufficient knowledge or information to form a belief as
11  to the truth of the allegation that the other defendants charged Plaintiff a 7.5% origination fee for
12  services that were not performed, and on that basis denies this allegation.  Cal State denies each
13  and every allegation contained in Paragraph 81 that characterizes RESPA on the grounds that the
14  statute speaks for itself.

15  82.    Cal State denies that the 7.5% origination fees were disguised kickbacks by the
16  Cal State Defendants to Defendants Menton, Sabatino, McLaurin, and Benjamin Capital for
17  referring clients to them.  Cal State denies each and every allegation contained in Paragraph 82
18  that characterizes RESPA on the grounds that the statute speak for itself.

19  83.    Cal State denies that the processing fee, document fee, and funding fee that Cal
20  State charged for the July and December loans should have been included in the 7.5% origination
21  fee.  Cal State denies that it did not perform any additional services that would justify the
22  processing fee, document fee, and funding fee.  Cal State denies each and every allegation
23  contained in Paragraph 83 that characterizes RESPA on the grounds that the statute speak for
24  itself.

25  84.    Cal State is without information to admit or deny that Defendants Menton,
26  Sabatino, and Benjamin Capital did not perform any additional services that would justify the
27  processing fee charged, and on this basis, denies this allegation.  Cal State denies each and every
28  allegation contained in Paragraph 84 that characterizes RESPA on the grounds that the statute

DOWNEY BRAND LLP

1  speak for itself.

2      85.    In answer to Paragraph 85, Cal State denies each and every allegation contained

3  therein.

4      86.    The allegations in Paragraph 86 are not allegations of material fact but rather legal

5  conclusions and, therefore, Cal State neither admits nor denies them.

6      87.    The allegations in Paragraph 87 are not allegations of material fact but rather legal

7  conclusions and, therefore, Cal State neither admits nor denies them.

8                              **FOURTH CLAIM**
                           **Fair Housing Act (FHA)**
9                          **(As to All Defendants)**

10     88.    Cal State reasserts and incorporates herein by reference Paragraphs 1-87 as though

11  fully set forth herein.

12     89.    Cal State denies each and every allegation contained in Paragraph 89 that

13  characterizes FHA on the grounds that the statute speak for itself.

14     90.    Cal State is without information to admit or deny that Plaintiff has a record of

15  physical and mental impairments and is handicapped, and on this basis, denies these allegations.

16  Cal State denies each and every allegation contained in Paragraph 90 that characterizes FHA on

17  the grounds that the statute speak for itself.

18     91.    Cal State is without information to admit or deny that Plaintiff is disabled, and on

19  this basis, denies this allegation.  Cal State denies that it extended loans to Plaintiff with the

20  interest rates, closing costs, fees and commissions because of any disability Plaintiff may have.

21  Cal State denies that it violated FHA.

22     92.    Cal State admits that, at all times relevant to this action, it engaged in the business

23  of resident real estate transactions.  Cal State is without information to admit or deny that Plaintiff

24  is disabled, and on this basis, denies this allegation.  Cal State denies that it violated FHA.

25     93.    Cal State denies each and every allegation contained in Paragraph 93 that

26  characterizes FHA on the grounds that the statute speak for itself.

27     94.    Cal State admits that Defendants Benjamin Capital, Menton, and Sabatino

28  brokered the July and December loans. Cal State denies each and every allegation contained in

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

1   Paragraph 94 that characterizes FHA on the grounds that the statute speak for itself.

2       95.    Cal State is without sufficient information to admit or deny that Plaintiff is

3   mentally disabled, and on this basis, denies this allegation.  Cal State denies each and every other

4   material allegation in Paragraph 95.

5       96.    Cal State is without sufficient information to admit or deny that Plaintiff has

6   mental disabilities and is unable to understand the terms of the loans, and on that basis denies

7   these allegations.  Cal State denies that it took advantage of Plaintiff by offering and providing

8   her with unfair loan terms because of any disability she may have.  The remaining allegations in

9   Paragraph 96 are not allegations of material fact but rather legal conclusions and, therefore, Cal

10  State neither admits nor denies them.

11      97.    In answer to Paragraph 97, Cal State denies each and every allegation contained

12  therein.

13      98.    The allegations in Paragraph 98 are not allegations of material fact but rather legal

14  conclusions and, therefore, Cal State neither admits nor denies them.

**FIFTH CLAIM**
**California Fair Employment and Housing Act (FEHA)**
**(As to All Defendants)**

    99.    Cal State reasserts and incorporates herein by reference Paragraphs 1-98 as though
fully set forth herein.

    100.    Cal State denies each and every allegation contained in Paragraph 100 that
characterizes FEHA on the grounds that the statute speak for itself.

    101.    Cal State is without information to admit or deny that Plaintiff has a mental or
psychological disorder or condition that limits a major life activity, and on this basis, denies these
allegations.  Cal State denies each and every allegation contained in Paragraph 101 that
characterizes FEHA on the grounds that the statute speak for itself.

    102.    Cal State admits on the basis of information and belief only, that the July and
December loans were secured by residential real estate. Cal State denies each and every allegation
contained in Paragraph 102 that characterizes FEHA on the grounds that the statute speak for

DOWNEY BRAND LLP

1   itself.

2        103.    Cal State admits that Defendants Benjamin Capital, Menton, and Sabatino

3   brokered the July and December loans.  Cal State denies each and every allegation contained in

4   Paragraph 103 that characterizes FEHA on the grounds that the statute speak for itself.

5        104.    Cal State is without sufficient information to admit or deny that Plaintiff is

6   disabled, and on this basis, denies this allegation.  Cal State denies that it discriminated in the

7   terms and conditions of the loans based on any disability that Plaintiff may have. Cal State denies

8   each and every allegation contained in Paragraph 104 that characterizes FEHA on the grounds

9   that the statute speak for itself.

10       105.    Cal State is without sufficient information to admit or deny that Plaintiff has a

11  mental disability, and on this basis, denies this allegation.  Cal State denies the other material

12  allegations in Paragraph 105.

13       106.    Cal State is without sufficient information to admit or deny that Plaintiff has

14  mental disabilities and is unable to understand the terms of the loans, and on that basis denies

15  these allegations.  Cal State denies that it took advantage of Plaintiff by offering and providing

16  her with unfair loan terms because of any disability she may have.  The remaining allegations in

17  Paragraph 106 are not allegations of material fact but rather legal conclusions and, therefore, Cal

18  State neither admits nor denies them.

19       107.    In answer to Paragraph 107, Cal State denies each and every allegation contained

20  therein.

21       108.    The allegations in Paragraph 108 are not allegations of material fact but rather

22  legal conclusions and, therefore, Cal State neither admits nor denies them.

23                          **SIXTH CLAIM**
                   **California Covered Loans Law**
24                       **(As to All Defendants)**

25       109.    Cal State reasserts and incorporates herein by reference Paragraphs 1-108 as

26  though fully set forth herein.

27       110.    Cal State admits that the original principal balance of the loans did not exceed

28  $359,650.  Cal State denies each and every allegation contained in Paragraph 110 that

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

1    characterizes California's Covered Loans Law on the grounds that the statute speaks for itself.

2          111.    Cal State denies each and every allegation contained in Paragraph 111 because

3    they characterize California's Covered Loans Law and the statute speak for itself.

4          112.    Cal State denies each and every allegation contained in Paragraph 112 because

5    they characterize California's Covered Loans and the statute speaks for itself.

6          113.    Cal State denies each and every allegation contained in Paragraph 113 because

7    they characterize California's Covered Loans Law and the statute speaks for itself.

8          114.    Cal State denies each and every allegation contained in Paragraph 114 because

9    they characterize California's Covered Loans and the statute speaks for itself.

10         115.    Cal State denies each and every allegation contained in Paragraph 115 because

11   they characterize California's Covered Loans and the statute speaks for itself.

12         116.    Cal State denies each and every allegation contained in Paragraph 116 because

13   they characterize California's Covered Loans and the statute speaks for itself.

14         117.    The allegations in Paragraph 117 are not allegations of material fact but rather

15   legal conclusions and, therefore, Cal State neither admits nor denies them.

16

17   **SEVENTH CLAIM**
**Fiduciary Duty**
**(As to Benjamin Capital, Sabatino, and Menton)**

18

19         118.    Paragraph 117 does not apply to Cal State.  Therefore, Cal State neither admits nor

20   denies the allegations contained therein.

21         119.    Paragraph 119 does not apply to Cal State.  Therefore, Cal State neither admits nor

22   denies the allegations contained therein.

23         120.    Paragraph 120 does not apply to Cal State.  Therefore, Cal State neither admits nor

24   denies the allegations contained therein.

25         121.    Paragraph 121 does not apply to Cal State.  Therefore, Cal State neither admits nor

26   denies the allegations contained therein.

27         122.    Paragraph 122 does not apply to Cal State.  Therefore, Cal State neither admits nor

28   denies the allegations contained therein.

DOWNEY BRAND LLP

1    123.    Paragraph 123 does not apply to Cal State.  Therefore, Cal State neither admits nor

2    denies the allegations contained therein.

3    124.    Paragraph 124 does not apply to Cal State.  Therefore, Cal State neither admits nor

4    denies the allegations contained therein.

5    125.    Paragraph 125 does not apply to Cal State.  Therefore, Cal State neither admits nor

6    denies the allegations contained therein.

7                                        **EIGHTH CLAIM**
                             **Financial Abuse of a Dependent Adult**
8                                      **(As to All Defendants)**

9    126.    Cal State reasserts and incorporates herein by reference Paragraphs 1-125 as

10   though fully set forth herein.

11   127.    Cal State admits, on the basis of information and belief only, that Plaintiff resides

12   in California.  Cal State is without sufficient information to admit or deny whether Plaintiff is

13   restricted in her ability to carry out normal activities and to protect her rights, and on this basis

14   denies this allegation.  Cal State denies each and every allegation contained in Paragraph 127 that

15   characterizes California's Financial Abuse Law on the grounds that the statute speaks for itself.

16   128.    Cal State is without sufficient information to admit or deny whether each

17   defendant was aware that Plaintiff was under the custody and care of Turlock Behavioral Health

18   and Recovery Services at the time of the July and December loan transactions and that she

19   suffered from mental illnesses that restricted her ability to carry out normal activities or to protect

20   her rights, and on that basis denies these allegations.  Cal State denies that it was aware that

21   Plaintiff was under the custody and care of Turlock Behavioral Health and Recovery Services at

22   the time of the July and December loan transactions and that she suffered from mental illnesses

23   that restricted her ability to carry out normal activities or to protect her rights, and on that basis

24   denies these allegations.  Cal State is without sufficient information to admit or deny whether

25   each defendant was aware that the loans were not in Plaintiff's best interest and that she did not

26   understand the terms and conditions of the July and December loans, and on that basis denies

27   these allegations.  Cal State denies that it was aware that the loans were not in Plaintiff's best

28   interest and that she did not understand the terms and conditions of the July and December loans.

DOWNEY BRAND LLP

1065550.1

17

129.   Cal State is without sufficient information to admit or deny whether each defendant knew that the loans were unaffordable and expensive and that Plaintiff and her sister could not afford to repay the balloon payments at the end of the five-year term for "$28,379.441" and $49,571.16, respectively, and on this basis denies this allegation.  Cal State denies that it knew that the loans were unaffordable and expensive and that Plaintiff and her sister could not afford to repay the balloon payments at the end of the five-year term for "$28,379.441" and $49,571.16, respectively.  Whether each defendant should have known that the loans were unaffordable and expensive and that Plaintiff and her sister could not afford to repay the balloon payments at the end of the five-year term for "$28,379.441" and $49,571.16, respectively, is a legal conclusion, not a material allegation, and therefore Cal State neither admits nor denies this statement.

130.   In answer to Paragraph 130, Cal State denies each and every allegation contained therein.

131.   Cal State is without sufficient information to admit or deny whether each defendant knew that the loans ultimately would deprive Plaintiff and her sister of their home and strip them of the equity in it, and on this basis denies this allegation.  Cal State denies that it knew that the loans ultimately would deprive Plaintiff and her sister of their home and strip them of the equity in it.  Whether each defendant should have known that the loans ultimately would deprive Plaintiff and her sister of their home and strip them of the equity in it is a legal conclusion, not a material allegation, and therefore Cal State neither admits nor denies this statement.

132.   Cal State is without sufficient information to admit or deny whether all the defendants, as part of each loan transaction took, secreted, appropriated, obtained or retained or assisted in taking, secreting, appropriating, obtaining or retaining real or personal property of a dependent adult for a wrongful use or with intent to defraud, or both, and on that basis denies these allegations.  Cal State denies that, as part of each loan transaction, it took, secreted, appropriated, obtained or retained or assisted in taking, secreting, appropriating, obtaining or retaining real or personal property of a dependent adult for a wrongful use or with intent to defraud, or both.

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

133.    Cal State is without sufficient information to admit or deny whether all the defendants, as part of each loan transaction took, secreted, appropriated, obtained or retained or assisted in taking, secreting, appropriating, obtaining or retaining real or personal property of a dependent adult by undue influence, and on this basis denies this allegation.  Cal State denies that, as part of each loan tranTACtion, it took, secreted, appropriated, obtained or retained or assisted in taking, secreting, appropriating, obtaining or retaining real or personal property of a dependent adult by undue influence.  Cal State denies each and every allegation contained in Paragraph 133 that characterizes California's Civil Code on the grounds that the statute speaks for itself.

134.    The allegations in Paragraph 134 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

135.    Cal State denies each and every allegation contained in Paragraph 135 because they characterize California's Financial Abuse Law and the statute speak for itself.  To the extent the allegations do not construe the statute, they are legal conclusions rather than allegations of material fact, and, therefore, Cal State neither admits nor denies them.

136.    The allegations in Paragraph 136 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

**NINTH CLAIM**
**Fraud**
**(As to Cal State)**

137.    Cal State reasserts and incorporates herein by reference Paragraphs 1-136 as though fully set forth herein.

138.    Cal State admits that the July and December loans were approved by Gomez, and extended by Cal State Mortgage and Cal State Home Loans.  Except as so admitted, Cal State denies all material allegations contained in Paragraph 138.

139.    In answer to Paragraph 139, Cal State denies each and every allegation contained therein.

140.    In answer to Paragraph 140, Cal State denies each and every allegation contained therein.

DOWNEY BRAND LLP

ANSWER TO THIRD AMENDED COMPLAINT

141.     In answer to Paragraph 141, Cal State denies each and every allegation contained therein.

142.     In answer to Paragraph 142, Cal State denies each and every allegation contained therein.

143.     In answer to Paragraph 143, Cal State denies each and every allegation contained therein.

144.     In answer to Paragraph 144, Cal State denies each and every allegation contained therein.

145.     In answer to Paragraph 145, Cal State denies each and every allegation contained therein.

146.     In answer to Paragraph 146, Cal State denies each and every allegation contained therein.

147.     In answer to Paragraph 147, Cal State denies each and every allegation contained therein.

148.     The allegations in Paragraph 148 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

149.     The allegations in Paragraph 149 are not allegations of material fact but rather legal conclusions and, therefore, Cal State neither admits nor denies them.

### TENTH CLAIM
### Unfair Business Practice
### (As to All Defendants)

150.     Cal State reasserts and incorporates herein by reference Paragraphs 1-149 as though fully set forth herein.

151.     Cal State denies each and every allegation contained in Paragraph 151 because they characterize California's Unfair Business Practices Law and the statute speak for itself.

152.     Cal State denies each and every allegation contained in Paragraph 152 because they characterize California's Unfair Business Practices Law and the statute speak for itself.  To the extent the allegations do not construe the statute, they are legal conclusions rather than

1    material allegations and, therefore, Cal State neither admits nor denies them.

2         153.    The allegations in Paragraph 153 are not allegations of material fact but rather

3    legal conclusions and, therefore, Cal State neither admits nor denies them.

### VI.    RELIEF

5         Paragraphs 1-8 of the Prayer for Relief in the TAC do not contain any allegations of

6    material fact but rather allege legal conclusions and, therefore, Cal State neither admits nor denies

7    them.

### AFFIRMATIVE DEFENSES

9         As separate and affirmative defenses to all causes of action in the Complaint, Cal State

10   alleges as follows:

<u>First Affirmative Defense</u>

12        The TAC, and each cause of action therein, fails to state a claim upon which relief may be

13   granted.

<u>Second Affirmative Defense</u>

15        The TAC, and each cause of action therein, is barred by the applicable statutes of

16   limitations.

<u>Third Affirmative Defense</u>

18        Any alleged conduct or omission(s) by Cal State was/were not the cause in fact or

19   proximate cause of any injury alleged by Plaintiff.

<u>Fourth Affirmative Defense</u>

21        Should it be determined that Plaintiff has been damaged, these damages were proximately

22   caused by Plaintiff's own conduct or the conduct of a third person over whom Cal State had no

23   control.

<u>Fifth Affirmative Defense</u>

25        Cal State alleges Plaintiff, either personally or through another, expressly or impliedly

26   consented to any alleged conduct or actions of Cal State.

<u>Sixth Affirmative Defense</u>

28        Plaintiff's claims are barred by the doctrine of estoppel.

_DOWNEY BRAND LLP_

ANSWER TO THIRD AMENDED COMPLAINT

1

Seventh Affirmative Defense

2      Plaintiff's claims are barred by the doctrine of laches.

3

Eighth Affirmative Defense

4      Plaintiff's claims are barred by the doctrine of express or implied waiver and/or changed

5  circumstances.

6

Ninth Affirmative Defense

7      Plaintiff's claims are barred, in whole or in part, by her failure to mitigate, minimize, or

8  avoid the alleged damages.

9

Tenth Affirmative Defense

10      Cal State is entitled to credit, set-off, or recoup, any amounts owed by Plaintiff.

11

Eleventh Affirmative Defense

12      Because the TAC is couched in conclusory terms and based upon information and belief,

13  Cal State cannot fully anticipate all affirmative defenses that may be applicable to this action.

14  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such

15  affirmative defenses are applicable, is hereby reserved.

16      WHEREFORE, Defendants prays that the Court order and adjudge as follows:

17      1.      That Plaintiff take nothing by reason of her TAC;

18      2.      That judgment be rendered in favor of Cal State;

19      3.      For an award of attorneys' fees and costs;

20      4.      For such other and further relief as the Court may deem just and proper.

21

**DEMAND FOR JURY TRIAL**

22      Cal State hereby demands a trial by jury in this action.

23

24

25

26

27

28

DOWNEY BRAND LLP

1065550.1

22

1  DATED:  March 23, 2010          DOWNEY BRAND LLP

2

3                                       By:_____/s/ Annie S. Amaral_____

4                                                ANNIE S. AMARAL
                                                 Attorney for Defendants
5                                       CAL STATE MORTGAGE CO., INC., a
                                        California corporation; CAL STATE HOME
6                                       LOANS, a California Corporation; Cal State
                                        Growth Funds, a California Corporation,
7                                       ROXANNA SEWARD, and ALEXANDER
                                                      GOMEZ
8

9

10

11

12

DOWNEY BRAND LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1065550.1                                    23

ANSWER TO THIRD AMENDED COMPLAINT