DOWNEY BRAND LLP
KEVIN M. SEIBERT (Bar No. 119356)
ANNIE S. AMARAL (Bar No. 238189)
621 Capitol Mall, Eighteenth Floor
Sacramento, CA 95814-4686
Telephone:   (916) 444-1000
Facsimile:    (916) 444-2100
kseibert@downeybrand.com
aamaral@downeybrand.com

Attorneys for Defendants
CAL STATE MORTGAGE CO., INC., a California corporation; CAL STATE HOME LOANS, a California corporation; CAL STATE GROWTH FUNDS, a California corporation; ALEXANDER GOMEZ; ROXANNA SEWARD; and LEONETTE BELLING

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE HOUSE, by her guardian ad litem, PUBLIC GUARDIAN OF STANISLAUS COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>CAL STATE MORTGAGE CO., INC., a California corporation; CAL STATE HOME LOANS, INC., a California corporation; CAL STATE GROWTH FUND, a California corporation, ALEXANDER GOMEZ; ROXANNA SEWARD; LEONETTE BELLING; BENJAMIN CAPITAL, INC., a California corporation; MURPHY SABATINO; MILTON MCLAURIN; LARRY MENTON; and JOAN HOUSE, a necessary party,<br><br>Defendants. | Case No. 1:08-CV-1880-OWW-GSA<br>Related Case No. 1:09-cv-2134 LJO SMS<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

Plaintiff, JOSEPHINE HOUSE, by her guardian ad litem, PUBLIC GUARDIAN OF STANISLAUS COUNTY, together with Defendants, CAL STATE HOME LOANS, CAL STATE MORTGAGE CO., INC., CAL STATE GROWTH FUND, ALEXANDER GOMEZ,

1

ROXANNA SEWARD and LEONETTE BELLING (collectively referred to as the "Parties" and individually as "Party"), by and through their respective counsel of record, having recognized that, during the course of the above-captioned lawsuit ("the Case"), certain documents and other writings will be produced by the Parties that might contain financial, confidential, proprietary, or trade secret information, or information subject to a legally-protected right of privacy of Non-Parties, and having further recognized that the Parties and Non-Parties have a legitimate right not to have such information disclosed outside the context of the litigation of the Case, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. Any documents, materials, or writings (as that term is defined in Rule 1001 of the Federal Rules of Evidence) produced by any Party (the "Producing Party") in the course of the litigation of the Case, whether during discovery or otherwise, or a compilation and/or summary of information derived from any such document, materials, and/or writing that are, in good faith, determined by the Producing Party to contain financial, confidential, proprietary, or trade secret information, or information subject to a legally-protected right of privacy of a Party and/or a Non-Party (collectively, unless otherwise noted, collectively as the "Confidential Document(s)"), may be so designated by the Producing Party by writing or stamping "Confidential" on the original of the document, writing, compilation, summary and/or on each of the copies of the document, writing, compilation and/or summary delivered to counsel for the other Parties, in such a manner as will not interfere with the legibility thereof. Any report or other multi-page document considered "Confidential" shall be marked "Confidential in its Entirety" or "Confidential For Pages Marked Only."

2. All Confidential Documents and all information contained therein shall be used by the other Parties for the sole purpose of the prosecution and/or defense of any and all claims and defenses in the Case, subject to the terms and conditions set forth in this Stipulation For Protective Order and Order (the "Protective Order"). Any notes, extracts and summaries of documents designated as "Confidential" and the contents and information contained in or ascertained from such notes, extracts, or summaries shall be treated as "Confidential Documents"

pursuant to this Protective Order.[1]

3. This Protective Order shall apply to all Confidential Documents, and to any transcripts, exhibits, testimony, interrogatories, requests for admission, other discovery requests or responses, and other court papers which contain, describe, quote from, discuss, or summarize all or any portion of a Confidential Document.

4. Confidential Documents, as defined, may be disclosed to only: (a) the Parties in the Case, including any and all employees and agents of any and all Parties; (b) the Court and its staff, including any referees or other person(s) (including jurors) appointed by the Court for any purpose associated with the litigation of the Case; (c) retained counsel for the Parties in the Case, paralegals, support staff and other employees who are directly employed by such counsel; (d) any expert witness or consultant retained by counsel for the Parties in connection with the Case; (e) deponents; and (f) any person who has a legitimate right and purpose to know of the Confidential documents, as determined by counsel for a Party, and who has executed Exhibit A attached to this Stipulation for Protective Order. The Parties shall advise all persons described in this paragraph of the restrictions upon dissemination of Confidential Documents provided by this Protective Order. A copy of this Protective Order shall be provided to each recipient of Confidential Documents and a certification that, in substance, contains language that is substantially equivalent to that set forth in the document that is attached hereto as Exhibit "A" and the contents of which are, by and through this reference, fully incorporated herein, shall be executed by each such person, such certification to be retained by counsel that discloses, divulges, or in any other way reveals a Confidential Document, as that phrase is defined herein.

5. Should any Party find it necessary to use any Confidential Document in any public manner involving the litigation of the Case, e.g., court motions, briefs, declarations, evidentiary statements, or other like Court filings, the Parties will make a diligent effort to meet and confer about whether the said Confidential Document(s) can be redacted in such a manner so as to

---

[1] And, unless otherwise noted hereafter, the contents and information contained in, or ascertained from, such notes, extracts, or summaries shall also be subsumed within the terms, "Confidential Documents" or "Documents" as those terms are used herein.

achieve non-confidential status for the convenience of the Parties and the Court without affecting the presentation by the Party seeking to use such Document(s).  However, unless all of the Parties hereto agree that a Document can be effectively rendered non-confidential by such redaction, it shall be presented to the Court as described in Paragraph No. 6, *infra*.

6. If a Party seeks to present a Confidential Document to the Court for purposes of a discovery motion or otherwise, and a good-faith effort to determine whether said Confidential Document can be rendered non-confidential by redaction concludes without agreement by the Parties, the Party shall seek leave of Court to file the Confidential Document under seal pursuant to Local Rule 141.

7. If a Confidential Document(s), as that term is defined herein, is disclosed at a deposition, only the deponent, deponent's counsel, if applicable, and those persons who are authorized by the terms of this stipulation to have access to such material, including the court reporter, may be present.  When Confidential Documents or information contained therein or derived therefrom are incorporated into a transcript of a deposition, hearing, or other proceeding, arrangements shall be made with the reporter(s) attending such proceeding to prepare a separate transcript of the testimony that relates to such Confidential Documents, which separate transcript shall include any Confidential Documents designated as exhibits, and to indicate, on the cover page of the separate transcript, that the transcript contains "Confidential" material.  Such transcripts shall be treated as subject to this Protective Order.  The Parties shall indicate on the record those portions of the proceeding that contain Confidential material and shall specifically indicate whether the Confidential material should be treated as Confidential pursuant to this Protective Order.

8. Nothing herein shall restrict any Party in any way with respect to the use or disclosure of its own documents.  In addition, a Party may, at any time, seek to remove a confidentiality designation from a document on the basis that a Party has, in this litigation, used the document in a manner inconsistent with continued protection from disclosure.

9. This Protective Order shall remain in effect for the duration of the litigation, unless terminated by agreement executed by counsel of record for the Parties or pursuant to an Order of

the Court.  The provisions of this Protective Order insofar as they restrict the communication, treatment, and use of Confidential Documents and all information contained therein or derived therefrom shall continue to be binding after the termination of this action.

10. Upon the final termination of this action, including any appellate proceedings or expiration of the time allowed therefore, each Party shall promptly (within sixty (60) days) assemble and return to the Producing Party, all documents and things so designated as Confidential Documents by that Producing Party, including all copies thereof; provided, however, that all Confidential Documents or copies thereof that contain notations of counsel or persons in counsel's employ may be destroyed rather than returned provided the identity of such document and the fact of its destruction is made known to the Producing Party.

11. Should any Party object to another Party's designation of a document as a "Confidential Document" under this Protective Order, or wish to use such information other than in a manner authorized by this Protective Order, and should the objecting Party be unable to obtain the consent of the Producing Party, the objecting Party may file a motion for an appropriate order from the Court, on reasonable written notice to all Parties, for resolution of such dispute.  In the event such a motion is filed, confidentiality of the material in issue shall be preserved under the terms of this Protective Order pending resolution of the issue by the Court, and for a period of ten (10) days thereafter to allow an opportunity for appellate review of such order.  If such appellate review is sought, the information in question shall continue to be subject to the restrictions of this Protective Order until the final conclusion of appellate review.

| | |
|---|---|
| DATED: August 3, 2010 | CALIFORNIA RURAL LEGAL ASSISTANCE, INC. |

By: /s/ *Katherine M. Hogan*
KATHERINE M. HOGAN
Attorney for Plaintiff
JOSEPHINE HOUSE, by her guardian ad litem,
PUBLIC GUARDIAN OF STANISLAUS
COUNTY

DATED: October 4, 2010          DOWNEY BRAND LLP

By: /s/ Annie S. Amaral
ANNIE S. AMARAL
Attorney for Defendants
CAL STATE MORTGAGE CO., INC., a
California corporation; CAL STATE HOME
LOANS, a California Corporation; CAL STATE
GROWTH FUNDS, a California Corporation;
ALEXANDER GOMEZ; ROXANNA SEWARD;
and LEONETTE BELLING

## **ORDER**

Having reviewed and considered the Stipulation by and between counsel for the Parties to the above-captioned case, as that Stipulation appears on pages 1 through 6, inclusive, of this document and finding that good cause has been shown,

IT IS HEREBY ORDERED that the terms of the Stipulation for Protective Order and Protective Order set forth above shall govern confidentiality of discovery in this case until further order of the Court.

IT IS SO ORDERED.

Dated:   **October 6, 2010**              **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE