KATHERINE M. HOGAN (SBN 225597)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1111 I Street, Suite 310
Modesto, CA 95354
Telephone: (209) 577-3811
Fax: (209) 577-1098
khogan@crla.org

ILENE J. JACOBS (SBN 126812)
AUSTA WAKILY (SBN 257424)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 D Street
Marysville, CA 95901
Telephone: (530) 742-7235
Fax: (530) 741-0854
ijacobs@crla.org
awakily@crla.org

*Other counsel for plaintiff appear on the next page*

Attorneys for Plaintiff,
Josephine House, by her guardian ad litem, Public Guardian of Stanislaus County

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE HOUSE, by her guardian ad litem PUBLIC GUARDIAN OF STANISLAUS COUNTY,<br><br>           Plaintiff,<br>vs.<br><br>CAL STATE MORTGAGE CO., INC., a California corporation; CAL STATE HOME LOANS INC., a California corporation; CAL STATE GROWTH FUND, a California corporation; ALEXANDER GOMEZ; ROXANNA SEWARD; LEONETTE BELLING; BENJAMIN CAPITAL INC., a California corporation; MURPHY SABATINO; MILTON MCLAURIN; LARRY MENTON; and JOAN HOUSE, a necessary party,<br><br>           Defendants. | CASE NO. 1:08-CV-01880-OWW-GSA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Estimated Oral Argument 1 hour<br><br>Date:   March 7, 2011<br>Time:   10:00 am<br>Dept:   Courtroom 3, 7th Floor<br>Judge:  Honorable Oliver W. Wanger |

*Additional Attorneys for Plaintiff,
Josephine House by her guardian
ad litem, Public Guardian of
Stanislaus County*


MAEVE ELISE BROWN (SBN 137512)
HOUSING AND ECONOMICS RIGHTS ADVOCATES
P.O. Box 29435
Oakland, CA 94604
Telephone: (510) 271-8443
Fax: (510) 868-4521
melisebrown@heraca.org

CHRISTOPHER A. BRANCART (SBN 128475)
ELIZABETH BRANCART (SBN 122092)
BRANCART & BRANCART
P.O. Box 686
Telephone: (650) 879-0141
Fax: (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com

1

TABLE OF CONTENTS

PAGE

2

3    I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    II.  FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    III. DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6         A.   LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7         B.   PLAINTIFF WILL SUFFER IRREPARABLE HARM IF THE DEFENDANTS
               ARE PERMITTED TO SELL PLAINTIFF'S PROPERTY BEFORE THE
8              MERITS OF THIS ACTION ARE DECIDED... . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9              1.   Foreclosure Will Deprive Plaintiff of Her Real Property. . . . . . . . . . . . . . 4

10             2.   Foreclosure Will Render Moot Plaintiff's TILA and HOEPA Rescission
                    Claim Against the Cal State Defendants... . . . . . . . . . . . . . . . . . . . . . . . . 4
11
               3.   Monetary Damage Is Not Available To Plaintiff.. . . . . . . . . . . . . . . . . . . . 4
12
          C.   THE CAL STATE DEFENDANTS' SECURITY INTEREST IN PLAINTIFF'S
13             HOME IS VOID. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14        D.   PLAINTIFF HAS A HIGH LIKELIHOOD OF ESTABLISHING THAT THE
               CAL STATE DEFENDANTS VIOLATED THE FEDERAL TRUTH IN
15             LENDING ACT ENTITLING HER TO RESCIND THE LOANS.. . . . . . . . . . . . 6

16        E.   PLAINTIFF HAS A HIGH LIKELIHOOD OF ESTABLISHING THAT THE
               CAL STATE DEFENDANTS VIOLATED FEDERAL HOME OWNERSHIP
17             AND EQUITY PROTECTION ACT ENTITLING HER TO RESCIND THE
               LOANS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
18
               1.   Plaintiff's Loans are Closed-End Loans Covered Under HOEPA . . . . . 8
19
                    a.)  Plaintiff Could Not Reuse Or Repay Her Credit Line. . . . . . . . . . 9
20
                    b.)  Plaintiff Could Not Use The Line Of Credit. . . . . . . . . . . . . . . . 10
21
               2.   The Cal State Defendants Did Not Provide Plaintiff With HOEPA
22                  Disclosures And Violated Its Prohibitions.. . . . . . . . . . . . . . . . . . . . . . . 11

23        F.   AN INJUNCTION WILL NOT RESULT IN ANY HARDSHIP TO THE
               DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
24
          G.   THE PUBLIC INTEREST WILL BENEFIT FROM A PRELIMINARY
25             INJUNCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          H.   THE COURT SHOULD NOT REQUIRE A BOND. . . . . . . . . . . . . . . . . . . . . . 12
26
     IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
27

28

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Benda v. Grand Lodge of International Association of Machinists & Aerospace Workers*,
584 F.2d 308 (9th Cir. 1978)......................................................... 3

*Dep Corp. v. Opti-Ray, Inc.*,
768 F. Supp. 710 (9th Cir. 1991)..................................................... 12

*Gilder v. PGA Tour, Inc.*
936 F.2d 417 (9th Cir. 1991) ....................................................... 3

*GoTo.com, Inc. v. Walt Disney Co.*,
202 F.3d 1199 (9th Cir. 2000)....................................................... 3

*Hallas v. Ameriquest Mortgage Co.*,
406 F. Supp. 2d 1176 (D. Or. 2005).................................................. 4

*Lakeview Technology, Inc. v. Robinson*,
446 F.3d 655 (7th Cir. 2006)........................................................ 4

*Merriam v. Chase Manhattan Mortgage Corp*,
333 B.R. 22 (Bankr. W.D.N.Y. 2005) .............................................. 9, 10

*Nool v. Homeq Servicing*,
653 F. Supp. 2d 1047............................................................... 4

*People ex rel Van de Kamp v. Tahoe Regional Planning Agency*,
766 F. 2d 1319 (9th Cir. 1985)..................................................... 12

*Price v. Wells Fargo Bank*,
213 Cal App 3d 465, 261 ........................................................... 5

*Semar v. Platte Valley Fed. Savings & Loan Association*,
791 F.2d 699 (9th Cir. 1986)....................................................... 5

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*,
739 F.2d 1415 (9th Cir. 1984)...................................................... 3

*Smith v. Fidelity Consumer Discount Co.*,
898 F. 2d 896 (3rd Cir. 1990)...................................................... 5

*Sundance Land Corp. v. Community First Federal Sav. & Loan Association.*,
840 F.2d 653 (9th Cir. 1986)....................................................... 4

*Textile Unlimited v. A..bmhand Co.*,
240 F.3d 781 (9th Cir. 2001) ...................................................... 3

*Univ. of Tex. v. Camenisch*,
451 U.S. 390 (1981)................................................................ 3

*Winter v. National Resource Defense Council*,
129 S. Ct. 365 (2008).............................................................. 3

STATE STATUTES

Cal. Civ. Code § 2923.52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code § 2923.53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code § 2923.54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code § 2923.55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code § 2924. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code § 2924f. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code §2624f(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Evid. Code § 1152. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


FEDERAL STATUTES

Fed. R. Civ. P. Rule 65(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 U.S.C. § 1601. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 1602(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1602(aa)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1602(aa)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1602(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

15 U.S.C. § 1635(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

15 U.S.C. § 1635(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 1635(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 1639. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reg Z § 226.15(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Reg Z § 226.32(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Reg. Z §  226.34(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reg. Z § 226.23(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Reg. Z § 226.23(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Reg. Z § 226.23(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

1    Reg. Z § 226.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

2    Reg. Z § 226.32(a)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3    Reg. Z § 226.34(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4    Reg. Z § 226.34(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5

6    *Official Staff Commentary* § 226.15(d)(1)-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7    *Official Staff Commentary* § 226.2(a)(20)(1)-(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8    *Official Staff Commentary* § 226.2(a)(20)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9    *Official Staff Commentary* § 226.2(a)(20)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## I. INTRODUCTION

The Cal State Defendants have threatened to commence non-judicial foreclosure proceedings against Plaintiff, Josephine House, notwithstanding her rescission of the loan at issue and the injunctive relief sought in this action. Plaintiff timely rescinded the Cal State Defendants' loans for violations of the federal Truth in Lending Act (TILA) and Home Ownership and Equity Protection Act (HOEPA) by filing the present action. Preliminary relief is needed because a foreclosure sale will undermine and render moot her TILA and HOEPA rescission claims and deny her the opportunity to proceed on the merits of her claims. Foreclosure also will deprive Plaintiff of her real property in which the defendants do not have a valid security interest. Plaintiff meets the standards for issuance of a preliminary injunction to maintain the status quo and prevent the irreparable loss of her rights prior to the resolution of this case. Plaintiff, therefore, respectfully requests this Court grant her request for a preliminary injunction enjoining the defendants from pursuing a foreclosure sale.

## II. FACTS

Plaintiff Josephine House and her sister Joan House[1], both mentally disabled dependent adults, inherited their home from their parents in 1998. *See* Declaration of Connie Alcala ¶¶ 5-7, Exhibits A and B. Shortly after inheriting the home the sisters took out a $10,000 mortgage with Citimortgage to renovate their kitchen. *See* Decl. CA, ¶ 9. The sisters, due to their mental disability and their limited financial means, could not keep up on the payments for the $10,000 loan and were forced to refinance with Defendant Cal State Mortgage. *See* Decl. CA, ¶¶ 4-5, 8-9. Plaintiff and her sister obtained a mortgage loan from the Cal State Defendants on June 27, 2005 that closed on July 1, 2005. *See* Docket Entry 84 (Cal. State Answer ¶ 29). The loan was in the amount of $28,500. *See* Decl AW, Exh. 2 pp 1-8; Decl. CA. ¶ 8. The $28,500 loan paid off the $10,000 lien and approximately $8,000 in unsecured debt. *See* Decl. AW, Exh. 4 pp 1-5. Cal Sate Mortgage later extended Plaintiff and her sister another larger and more expensive loan in the amount of $50,000, which closed on December 15, 2010. *See* Decl. AW, Exh. 2 pp 9-17*;* Decl.

---

[1]Joan House was made a defendant in this action only as a necessary party.

1    CA ¶ 8; Cal State Answer ¶ 38. The defendants charged over 15% in combined fees and
2    commissions for each of these loans and imposed large balloon payments that would come due in
3    five years. *See generally* Decl. AW, Exh. 4 and 5; Cal State Answer ¶ 35.
4         The Public Guardian of Stanislaus County, guardian ad litem, recently attempted to sell
5    Plaintiff's home and received an offer in the amount of $94,000. *See* Decl. CA ¶¶ 12-16, Exh. C-
6    D. The State court approved the sale of the home and on the Public Guardian's request ordered
7    $50,000 from the sale to go into an escrow account pending the outcome of Josephine's federal
8    case. *See* Decl. CA ¶ 15, Exh. D. Cal State Mortgage's lien on the property was in the amount of
9    $87,082.05 notwithstanding the fact that Plaintiff's loan was in the amount of $50,000 and over
10   $20,000 in payments were made toward the loan. *See* Decl. CA, Exh. C; Decl. AW, Exh 8 RFA
11   121. Counsel for Cal State Mortgage, Downey Brand, also had placed a lien on plaintiff's home
12   in the amount of $36,155.23 as "unpaid charges." *See* Decl. CA, ¶ 13, Exh. C. The liens on
13   plaintiff's home totaled $117,801.37. *Ibid*. The $94,000 offer was insufficient to cover all of the
14   lien, thus, Plaintiff was unable to complete the sale. *See* Decl. CA ¶ 16.
15        Plaintiff, on December 5, 2008, filed this action seeking rescission of the loans and
16   enjoining the defendants from engaging in the unlawful practices complained of in the TAC.[2] *See*
17   Docket Entry No. 1. Cal State Mortgage, on June 21, 2010, recorded a Notice of Default with the
18   Stanislaus County Recorders Office. *See* Decl. AW, Exh. 6. Counsel for the Cal State
19   Defendants, Kevin Seibert, after recording the Notice of Default, informed plaintiff's counsel
20   that the defendants intend to file bankruptcy after foreclosing on plaintiff's home. *See* Decl. AW
21   Exh. 7. Mr. Seibert also informed Plaintiff's counsel that once the defendants foreclose on
22   plaintiff's home she will be left "chasing an empty bag." *See* Decl. AW, Exh 7 pg 2. The Cal
23   State Defendants under state law may record a Notice of Sale at the earliest on December 18,
24   2010. Cal. Civ. Code §§ 2924, 2923.52-2923.55. The Notice of Sale must provide the sale date,
25   location, and the total amount of unpaid balances. Cal. Civ. Code § 2924f. The sale of Plaintiff's
26   home can occur 21 days after the Notice of Sale is recorded. Cal. Civ. Code §2624f(b).

III.  DISCUSSION

A.  LEGAL STANDARD

A preliminary injunction is a device for preserving the status quo and preventing the irreparable loss of rights before judgment. *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 786 (9th Cir. 2001), citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). *"*[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits" because of the limited scope and time necessary to preserve the status quo ante. *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981). "Status quo" means the last uncontested status that preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000). The status quo in the present action was and has been Plaintiff's and her sister's ownership of the home they inherited from their parents. *See* Decl. CA ¶ 7. A preliminary injunction will preserve the last uncontested status preceding the controversy.

Four traditional factors are considered when determining whether to grant a preliminary injunction: 1) the likelihood of success on the merits; 2) the likelihood of irreparable harm in the absence of preliminary relief; 3) the balance of hardships between the parties; and 4) the public interest. *Winter v. Nat'l Resource Defense Council*, 129 S. Ct. 365, 374 (2008). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly" *Gilder v. PGA Tour, Inc.* 936 F.2d 417, 422 (9th Cir. 1991) quoting *Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), cert. dismissed, 441 U.S. 937 (1979). Plaintiff has a strong likelihood of succeeding on the merits of her rescission claims and the balance of hardships tips decidedly in her favor. Plaintiff, therefore, is entitled to injunctive relief.

///
///
///
///

B.   **PLAINTIFF WILL SUFFER IRREPARABLE HARM IF THE DEFENDANTS ARE PERMITTED TO SELL PLAINTIFF'S PROPERTY BEFORE THE MERITS OF THIS ACTION ARE DECIDED.**

1. <u>Foreclosure Will Deprive Plaintiff of Her Real Property</u>

Foreclosure on real property constitutes irreparable injury. *Sundance Land Corp. v. Community First Fed'l Sav. & Loan Ass'n.*, 840 F.2d 653, 661-662 (9th Cir. 1986). Plaintiff and her sister no longer reside in their home, however, the Public Guardian is considering the possibility of returning Plaintiff to her home. The Public Guardian's office is looking into grants to improve the home, and into in-supportive care services for Plaintiff. *See* Decl. CA ¶ 18. Foreclosure would mean the loss of her home and would result in irreparable harm.

2. <u>Foreclosure Will Render Moot Plaintiff's TILA and HOEPA Rescission Claim Against the Cal State Defendants.</u>

A foreclosure terminates a borrowers' rescission rights under TILA. *See Nool v. Homeq Servicing,* 653 F. Supp. 2d 1047, 1051. TILA provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or *upon the sale of the property, whichever occurs first.*" 15 U.S.C. § 1635(f); Reg. Z § 226.23(a)(3) (emphasis added). The sale or transfer of the property need not be voluntary to terminate the right to rescind. *Hallas v. Ameriquest Mortgage Co.,* 406 F. Supp. 2d 1176, 1183 (D. Or. 2005). The Cal State Defendants recorded a Notice of Default with the Stanislaus County Recorders Office on June 21, 2010. *See* Decl. AW, Exh 6. Foreclosure of Plaintiff's home will result in irreparable harm because it will extinguish her TILA and HOEPA rescission claims and will deprive her of her real property. The Cal State Defendants have disregarded Plaintiff's rescission of the loan and the injunctive relief sought in the complaint and improperly seek to interfere with this Court's jurisdiction over the claims by threatening a foreclosure sale.

3. <u>Monetary Damage Is Not Available To Plaintiff</u>

A defendant's insolvency may factor into whether a plaintiff is entitled to preliminary injunction. "A judgment-proof defendant is not deterred by the threat of money damages, so some other remedy (such as the contempt power) may be essential. *Lakeview Technology, Inc. v. Robinson*, 446 F.3d 655, 657 (7th Cir. 2006). Counsel for the Cal State Defendants have stated

that their clients "have no money to pay towards a settlement" and that Plaintiff will be "chasing an empty bag" once the property is foreclosed. *See generally* Decl. AW, Exh 7.[3] Plaintiff's only effective remedy is TILA and HOEPA equitable relief of rescission of the loans. Plaintiff will lose her home and is unlikely to recover monetary damages from the defendants, thus, she will suffer irreparable harm if an injunction does not issue.

C.  THE CAL STATE DEFENDANTS' SECURITY INTEREST IN PLAINTIFF'S HOME IS VOID

TILA gives a borrower whose loan is secured by her principal dwelling an absolute right to rescind the loan three business days from the date the loan documents are signed. 15 U.S.C. § 1635(a). A lender that fails to provide a borrower with proper notice of his/her right to rescind, or violates TILA or HOEPA, entitles a borrower to an extended three year right to rescind the loan. 15 U.S.C. § 1635(a).  TILA imposes strict liability on a lender and technical or minor violations of TILA, as well as major violations, impose liability on the creditor. *Smith v. Fidelity Consumer Discount Co.*, 898 F. 2d 896, 898 (3rd Cir. 1990); *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986). The Cal State Defendants failed to comply with TILA and HOEPA disclosure requirements and violated HOEPA prohibitions.

Plaintiff, on December 5, 2008, filed this action and rescinded the $50,000 loan upon which the defendants seek to foreclose. Plaintiff's rescission was timely filed within three years of the origination of the loan and based upon the defendants violations of the TILA and HOEPA. *See* Cal State Answer Doc. 84 ¶ 38; 15 U.S.C. § 1601, et seq. TILA provides that once the loan is

---

[3]The statements made by Kevin Seibert, counsel for the Cal State Defendants, were part of an email discussing settlement and subject to Evidence Code § 1152.  The section prohibits the introduction into evidence of an offer to compromise a claim for the purpose of *proving liability for that claim*. *See* Cal. Evid. Code § 1152 (emphasis added). *See Price v. Wells Fargo Bank,* 213 Cal App 3d 465, 261 (In an action by debtors against a bank the trial court was not barred under Evidence Code § 1152, from considering letters by the debtors' counsel to the bank indicating that the debtors were aware of their obligations and asking for forbearance. The letters were admissible to show the practical construction of the loan agreements by the parties). Plaintiff introduces Mr. Seibert's statement solely to establish that the Cal State Defendants are currently insolvent. Mr. Seibert's statements regarding the Cal State Defendants are not introduce in order to establish liability for Plaintiff's TILA and HOEPA claims.

5

rescinded, the security interest or lien becomes automatically void, by operation of law. 15 U.S.C. §§ 1635(b); Reg Z §§ 226.15(d)(1), 226.23(d)(1). The lender's interest in the property is "automatically negated, regardless of its status and whether or not it was recorded or perfected." *Official Staff Commentary* § 226.15(d)(1)-1, 226.23(d)(1)-1. TILA further provides that a borrower who exercises her right to rescind is not liable for any finance or other charge associated with the loan. 15 U.S.C. § 1635(b). Plaintiff timely and properly rescinded the loan and is presently litigating the validity of the defendants security interest on her home. Plaintiff is entitled to an injunction staying the Cal State Defendants' attempt to foreclose on her property in which they have no valid security interest and allowing Plaintiff's rescission claims to proceed before this Court.

D. PLAINTIFF HAS A HIGH LIKELIHOOD OF ESTABLISHING THAT THE CAL STATE DEFENDANTS VIOLATED THE FEDERAL TRUTH IN LENDING ACT ENTITLING HER TO RESCIND THE LOANS

The Cal State Defendants failed to provide Plaintiff with proper notice of her right to cancel the loan in violation of TILA. The defendants misled Plaintiff, a dependent adult with limited mental capacity, by providing her with conflicting documents regarding her right to rescind the December loan. *See* Decl. CA ¶ 5, Exh. B. Plaintiff, on December 7, 2005, signed the TILA three day notice of right to rescind. *See* Decl. AW, Exh. 5 pg 7. Plaintiff, on the *same day*, signed a typewritten letter addressed to Cal State Mortgage stating:

"Three business days have elapsed since I/we have received two copies of the NOTICE OF RIGHT TO CANCEL. I/we hereby certify and warrant that I/we have not exercised any right which I/we may have to rescind the transaction, and I/we do not desire to do so. I/we ratify and confirm the transaction in all respects." *See* Decl. AW, Exh 5 pg 8.

The letter was signed and dated by Plaintiff and her sister who also is a dependent adult with limited mental capacity. *See* Decl CA, ¶ 6. TILA requires a creditor to "clearly and conspicuously" disclose to borrowers their right to rescind the loan.[4] 15 U.S.C. § 1635(a). The

---

[4]Reg. Z § 226.23(e) allows a consumer to modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right to rescind the consumer must give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and contains the signatures of all consumers entitled to rescind. Printed forms for this

1  Cal State Defendants, by requiring Plaintiff to sign a letter stating that she is waiving her right to
2  rescind and affirming the transaction in all aspects *prior* to the expiration of the three day right to
3  rescind, violated TILA's disclosure requirements. The Cal State Defendants failed to clearly and
4  conspicuously inform Plaintiff and her sister of their right to rescind the loan pursuant to TILA,
5  and misled them into believing that they no longer had a right to rescind. The Cal State
6  Defendants' violation of the disclosure requirements entitle Plaintiff to an extended three years
7  rescission remedy and an injunction preventing the defendants from depriving her of her right to
8  proceed with her claims.

E.   **PLAINTIFF HAS A HIGH LIKELIHOOD OF ESTABLISHING THAT THE CAL STATE DEFENDANTS VIOLATED FEDERAL HOME OWNERSHIP AND EQUITY PROTECTION ACT ENTITLING HER TO RESCIND THE LOANS**

HOEPA is an amendment to TILA and creates a special class of regulated *closed-end* loans made at high annual percentage rates or with excessive costs and fees. 15 U.S.C. § 1602(aa) (emphasis added). Loans covered under HOEPA are subject to additional disclosures and are subject to prohibitions on certain abusive loan terms and creditor practices. A loan is covered under HOEPA if the loan is not an open end credit plan and the loan exceeds *either* an APR trigger or a points and fees trigger. 15 U.S.C. § 1602(aa). Plaintiff satisfied both the APR and points and fees trigger as discussed below.

A loan satisfies the HOEPA APR trigger, if the APR at consummation for first lien loans consummated after October 1, 2002, exceeds the yield on Treasury securities with a comparable period of maturity by eight percentage points. *See* 15 U.S.C. § 1602(aa)(1)(A). The comparable Treasury rate is that from the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the borrower. *See* Reg. Z § 226.32(a)(i).[5]

---

purpose are prohibited. Reg. Z § 226.23(e) The defendants attempt to deprive plaintiff and her sister of their right to rescind was ineffective.

[5] The Court may take judicial notice of the Treasury security rates published by the Federal Reserve. http://www.federalreserve.gov/RELEASES/h15/data.htm

7

The APR trigger for the July loan was 11.9 based on the yield on treasury securities for loans with a five year maturity date on June 15, 2005. Cal State Mortgage admits that the APR for the July loan was 20.995%. *See* Cal State Answer Doc 84 ¶ 31. The APR trigger for the December loan was 12.45 based on the yield on treasury securities with a five year maturity date on December 1, 2005.  The Cal State Defendants admit that the APR for the December loan was 18.941%.  *See* Cal State Answer Doc 84 ¶ 40.

A loan satisfies the points and fees trigger if the total points and fees payable by the consumer at or before closing will exceed the greater of 8 percent of the total loan amount; or $400. 15 U.S.C. § 1602(aa)(1)(B). The combined origination fee for the July loan was 15% and exceeded $400.  *See* Decl. AW, Exh 4; Cal State Answer Doc. 84 ¶ 35.  The combined origination fee for the December loan was 15%. *See* Decl. AW, Exh 5; Cal State Answer Doc. 84 ¶ 53. The loans, therefore, satisfied the points and fees trigger and therefore are covered under HOEPA.

      1.    <u>Plaintiff's Loans are Closed-End Loans Covered Under HOEPA</u>

HOEPA prohibits a creditor from structuring a home-secured loan as an open-end plan in order to evade the requirements of Reg. Z § 226.32 and deny consumers it protections. Reg Z § 226.32(d). The Cal State Defendants violated this prohibition and erroneously labeled Plaintiff's loans as an Home Equity Lines of Credit (HELOC) to avoid substantive protections provided under HOEPA. Reg. Z § 226.32(d); *See* Decl. AW, Exh. 2, 4-5. The official commentary on Regulation Z, however, makes it clear that the fact that a particular plan is called an open-end real estate mortgage, does not, by itself, mean that it is an open-end credit under the regulation. *Official Staff Commentary* § 226.2(a)(20)(6). The commentary specifically provides that each plan must be independently measured against the definition of an open end credit, regardless of the terminology used to describe the plan. *Official Staff Commentary* § 226.2(a)(20)(1)-(6). An open plan is defined in part as a "plan under which the creditor *reasonably contemplates repeated* transactions." 15 U.S.C. § 1602(i) (emphasis added).  The commentary further explains that "[a] line of credit is self-replenishing even though the plan itself has a fixed expiration date, as long as during the plan's existence the consumer *may use the line*, *repay*, and *reuse the*

*credit.*" *Official Staff Commentary* § 226.2(a)(20)(5) (emphasis added). An objective analysis of Plaintiff's loan discussed below demonstrates that the defendants did not reasonably contemplate repeated transactions under the July and December loans. Plaintiff's loans, therefore, are closed end loans within the scope of HOEPA.

Plaintiff's July and December loans were each labeled a Home Equity Line of Credit (HELOC), notwithstanding the fact that the lender did not have a reasonable expectation of repeated transactions under the plan. *See* Decl. AW, Exh. 4 pp 7-8; Exh 5 pp 4-5. The Cal State Defendants treated Plaintiff's loan as a closed end loan, for example, they refinanced plaintiff's July loan into a new account in December with a higher limit rather than raise the credit line on the July loan. HOEPA does not consider refinancing a loan into a new loan as "repeated transaction." 15 U.S.C. § 1602(i). The Cal State Defendants' refinancing of the July loan in December demonstrates that they did not reasonably contemplate repeat transactions for the July HELOC and treated it as a closed end account. Plaintiff's loan did not fall within the definition of an open line of credit.

### a.) *Plaintiff Could Not Reuse Or Repay Her Credit Line*

Plaintiff's minimum payments for the July loan, excluding the final balloon payment in the amount of $28,379.41, would have paid down less than $200 of the principal balance. *See* Decl. AW, Exh.4 pg 6. Plaintiff's minimum payments for the December loan, excluding the final balloon payment in the amount of $49,571.16, would have paid down less than $500 of the principal balance. *See* Decl. AW, Exh. 5 pg 6. The HELOCs provide that the minimum credit advance must be at least $500. *See* Decl. AW, Exh. 4 pg 7; Exh. 5 pg 4. Plaintiff, therefore, was unable to reuse her line of credit.

Plaintiff also was unable to reuse her credit line because the entire loan balance was granted at the outset and the monthly payments were insufficient to pay down the principal to allow her to replenish her credit line. *See* Decl. AW, Exh. 4 and 5; Exh. 9 at 4:22-25. In *Merriam v. Chase Manhattan Mortgage Corp* (In re Merriam), 333 B.R. 22, 27 (Bankr. W.D.N.Y. 2005) the lender fully disbursed the entire loan at closing, scheduled payments that did

9

not contemplate a reduction of principal that would allow a further loan advance, and the lender was aware that the borrowers could not afford additional payments on principal. *Merriam, 333* B.R. at 27. The court in *Merriam* held that the lender could not possibly have contemplated repeat transactions on the line of credit. *Merriam, 333* B.R. at 27. The Cal State Defendants granted Plaintiff the entire loan at closing and scheduled monthly payments that did not fully amortize, meaning that the proposed payments on the loan did not pay down the principal so that the line of credit could be "replenished." *See* Decl. AW, Exh 4-5. The Cal State Defendants were aware of Ms. House's finances and knew or should have known that she would not be able to (1) afford additional payments on principal beyond what she was already obligated to pay under the loan terms or (2) repay the balloon payment that comes due on January 1, 2011. *See* Decl. AW, Exh 4-5. Plaintiff's loans did not have any of the characteristics associated with an open end account. Plaintiff did not have any remaining funds to draw upon, she had to obtain the approval of the investor in the event she did have available funds to draw on, her monthly payments were insufficient to replenish her credit line so that she could reuse the account, and her monthly payments were insufficient to repay the loan balance. The loan, thus, was mischaracterized as an open end loan in violation of HOEPA.

                b.)      ***Plaintiff Could Not Use The Line Of Credit***

Plaintiff was required to obtain approval from the investor in order to access any funds that may have been available to her. *See* Decl. AW, Exh. 8 RFA 41, 78. "Plaintiff's revolving line of credit could only be used by requesting *a loan* in accordance with the terms of her Home Equity Line of Credit Agreement and Promissory Note" *See* Decl. AW, Exh. 8 RFA 40, 77.  The Cal State Defendants, thus, treated any draw on Plaintiff's credit line as a new loan, for example, in response to a question regarding a borrower's ability to use their credit the defendants responded that "[a borrower] can request that as long as all the other requirements are met, that they have a  good payment history, that the investor is willing to *reinvest* in that borrower advancing, as long as he showed responsibility within the loan and they've paid down the principal and allow available credit." *See* Decl. AW, Exh 9 at 5:1-2 (emphasis added), 7:14-25, 8:1-13.  The Cal State Defendants procedure for borrowers contemplates a one time transaction

under a plan and requires any additional transaction to repeat the origination and approval process, thus, there was no reasonable contemplation of repeat transactions.

### 2. The Cal State Defendants Did Not Provide Plaintiff With HOEPA Disclosures And Violated Its Prohibitions

Violation of the disclosure rules or use of a prohibited loan term gives the borrower an extended three year right to rescind the loan. The Cal State Defendants admit that they did not provide Plaintiff and her sister with the HOEPA disclosures required by 15 U.S.C. § 1639. *See* Decl. AW, Exh. 8 RFA 29-30; 66-67. The Cal State Defendants also violated HOEPA protections, which include, but are not limited to, prohibiting creditors from making a loan based on the collateral's value and without regard to a borrowers ability to repay; prohibiting a creditor from refinancing a HOEPA loan into another HOEPA loan within 12 months unless the refinance is in the borrowers best interest, and structuring a home-secured loan as an open-end plan to evade the requirements of § 226.32. Reg. Z §§ 226.34(a)(4), 226.34(a)(3), and 226.34(b). The Cal State Defendants violated HOEPA by making a loan based on the value of Plaintiff's home and without regard to her ability to repay the loan. *See generally* Decl. AW, Exh. 2-5. The Cal State Defendants, as discussed above, structured Plaintiff's loans as HELOCs to avoid the substantive protections available to Plaintiff in violation of HOEPA. The defendants refinanced the July HOEPA loan within 12 months without any benefit to plaintiff, therefore, violating HOEPA. *See generally* Decl. AW, Exh. 2, 4-5. The Cal State Defendants' violation of each of these provisions and failure to provide Plaintiff with HOEPA disclosures entitles Plaintiff to a three year right to rescind the loan. Plaintiff, therefore, has a high likelihood of succeeding on the merits of her claims.

///
///
///
///
///

F.     AN INJUNCTION WILL NOT RESULT IN ANY HARDSHIP TO THE DEFENDANTS

The Cal State Defendants do not have a valid security interest in Plaintiff's property and enjoining their attempt to foreclose will not result in any harm to them. Plaintiff, however, will lose her property and right to pursue her TILA and HOEPA claims and may not recover any monetary damages from the defendants if an injunction does not issue. *See* Decl. AW, Exh.7. The balance of hardships favors granting a preliminary injunction against the Cal State Defendants to preserve the status quo ante pending resolution of this case and preventing the defendants from precipitously taking plaintiff's home.

G.     THE PUBLIC INTEREST WILL BENEFIT FROM A PRELIMINARY INJUNCTION

Plaintiff faces foreclosure of her real property based on Cal State Mortgage's unlawful and predatory loans. The public interest in protecting real property from erroneous deprivation weighs in Plaintiff's favor.

H.     THE COURT SHOULD NOT REQUIRE A BOND

Fed. R. Civ. P. Rule 65(c) requires an applicant for a preliminary injunction to post security in such sum as the court deems proper. The purpose of requiring security prior to issuance of an injunction is to guarantee payment of costs or damages sustained by a party who is wrongfully enjoined. *Dep Corp. v. Opti-Ray, Inc.*, 768 F. Supp. 710, 717-18 (9th Cir. 1991); Fed. R. Civ. Proc. 65(c). The court has discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review. *People ex rel Van de Kamp v. Tahoe Regional Planning Agency*, 766 F. 2d 1319, 1325 (9th Cir. 1985). Plaintiff is a dependent adult under conservatorship by the Stanislaus County Public Guardian's office. *See* Decl. CA, ¶ 2-7, Exh A-B.  She is on a limited income consisting of $704.50 from Social Security disability and is unable to cover all of her expenses. *See* Decl. AW, Exh. 3 pg 1. Requiring a bond in any substantial amount will effectively preclude Plaintiff the relief requested. The defendants, however, will not suffer any monetary damages as a result

of delaying the foreclosure of Plaintiff's home until the resolution of this case. Plaintiff, therefore, respectfully requests that this Court waive any security bond.

## IV.  CONCLUSION

Plaintiff respectfully requests that this Court issue an order enjoining any foreclosure proceeding against plaintiff's property pending determination of the merits of this action.

DATED: December 7, 2010   CALIFORNIA RURAL LEGAL ASSISTANCE, INC

*Austa Wakily*
_____

AUSTA WAKILY
ILENE J. JACOBS
Attorneys for Plaintiff JOSEPHINE HOUSE, by her guardian ad litem, the PUBLIC GUARDIAN Of STANISLAUS COUNTY