# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE HOUSE, by her guardian ad litem PUBLIC GUARDIAN OF STANISLAUS COUNTY,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE MORTGAGE COMPANY INC. *et al.*,<br><br>    Defendants. | 1:08-cv-1880 OWW GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>ORDER VACATING HEARING ON MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 141) |

### I.    Introduction

On July 20, 2011, Plaintiff, Josephine House ("Plaintiff") filed a Motion for Default Judgment against the sole remaining defendant in this action, Larry Menton ("Defendant"). (Docs. 141-145). The matter is scheduled for hearing on August 26, 2010. Defendant did not oppose the motion. Upon a review of the pleadings, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE and the hearing scheduled for August 26, 2011 at 9:30 am is VACATED.

### II.    Procedural History

On December 5, 2008, Plaintiff filed a complaint alleging she and her sister (who are mentally disabled adults) inherited a home from their parents in Turlock, California in 1998.

1

1  Plaintiff obtained a $10,000 mortgage loan in order to renovate the kitchen but by June 2005,
2  Plaintiff faced foreclosure on the loan.  The complaint alleges that several defendants (including
3  real estate brokers, real estate corporations, mortgage companies, and mortgage brokers),
4  extended two predatory loans containing excessive interest rates, balloon payments, finance
5  charges, fees, commissions and charges that they knew Plaintiff could not repay.  As a result,
6  Plaintiff complaint alleges ten causes of action including violations of: the Fair Housing Act, the
7  Home Ownership and Equity Protection Act, the Real Estate Settlement Procedures Act, the
8  Truth in Lending Act, the Unfair Business Practices Act, the California Cover Loans Law, the
9  California Fair Employment and Housing Act, and the Dependent Person Abuse Act.  Plaintiff
10 also alleges a violation of fiduciary duty and fraud.  Plaintiff is seeking compensatory, statutory,
11 punitive damages, injunctive relief, attorney's fees, and other relief the Court deems proper.
12 (Doc. 1).
13      On February 9, 2009, Plaintiff filed a First Amended Complaint ("FAC") alleging the
14 same facts and the same causes of action with some modifications.  (Doc. 12).  Summonses
15 based on the FAC were issued on February 10, 2009.  (Doc. 13).  Service of the Summonses
16 were effectuated by actual service or waivers of service.  (Docs. 13, 15, 21-23).  Motions to
17 Dismiss were filed by several of the Defendants on March 16, and April 13, 2009. (Doc. 24, 26,
18 30).  On April 15, 2009, Default was entered against Defendant Larry Menton because he failed
19 to respond to the summons. (Docs. 34 and 35).
20      On July 9, 2009, Judge Wanger issued a decision denying the Motions to Dismiss in part
21 and granting the motions in part with leave to amend.  (Doc. 49).  Plaintiff filed a Second
22 Amended Complaint ("SAC") on July 29, 2009.  (Doc. 54).  In December 2009, Plaintiff filed a
23 Motion to Amend the SAC so that new defendants and new claims could be added. (Docs. 64
24 and 67).  Plaintiff filed a Third Amended Complaint ("TAC") on February 22 and 23, 2010, and
25 Judge Wanger granted leave to amend the complaint on February 26, 2010. (Doc. 76, 78, 80).
26      Summonses for the TAC were personally served on Milton McLaurin and Leonette
27
28                                         2

Belling. (Doc. 88, 89, 92 and 93).  The defendants who made appearances in the action were served via electronic service.  Currently, all of the Defendants named in the TAC have been dismissed or have entered into a settlement in this action except for Defendant Larry Menton.[1]  It does not appear that Defendant Menton was served with the TAC because there is no proof of service filed nor was he served electronically since never made an appearance in this action.

Plaintiff filed the instant motion for default judgment against Defendant Larry Menton. She is seeking $15,000 in damages, as well as $15,000 in attorney's fees to be distributed evenly between the California Rural Legal Assistance, the Housing and Economics Rights Advocates, and to Brancart and Brancart Law Firm.  (Doc. 142 at pg. 8).

### III.   Discussion

*1.   Service of the Third Amended Complaint and Entry of Default*

"[A] court must first assess the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino,* WL 2219595 at * 2  (N.D. Cal. June 2, 2010) (citations omitted).  "[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, (1987), *superseded by statute on other grounds,* Futures Trading Practices Act of 1992, Pub.L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (stating that a federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4).  Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend' " under Fed. R. Civ .P. 55(a). *See Downing v.*

---

[1] On March 16, 2011, Defendants Cal State Mortgage, Inc., Cal State Home Loans, Cal State Growth Fund, Alexander Gomez, Roxanna Seward, and Leonette Belling and Plaintiff settled this action for a cancellation of the loans, reconveyance of the deed of trust, release of liens, and $1,700.00 in costs. (Doc. 131).  Plaintiff voluntarily dismissed Defendants Joan House, Benjamin Capital, Inc., and Milton McLaurin.  (Docs. 137-139; 151-153).

3

1  *Wanchek,* No. 2009 WL 256502, at *3 (E.D.Cal. Jan.30, 2009).

2      In the request for a Motion for Default Judgment, Plaintiff contends that Defendant was
3  properly served and default was issued against him. (Doc. 142 at pgs. 3-4). However, default
4  was issued based on the first amended complaint *not* the third amended complaint. (Docs. 34 and
5  35). If Plaintiff intends to seek default judgment against Defendant Menton based on the current
6  record, she needs to explain what effect the filing of the TAC has on the default previously
7  entered against him. In doing so, Plaintiff should be mindful of the premise that an amended
8  complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th
9  Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself
10 without reference to the prior or superceded pleading." Local Rule 220. "[A]ll causes of action
11 alleged in an original complaint which are not alleged in an amended complaint are waived."
12 *King*, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.
13 1981)); accord *Forsyth*, 114 F.3d at 1474. Thus, it is the law of this Circuit that Plaintiff waives
14 all claims alleged in a dismissed complaint which are not realleged in an amended complaint. *Id*.
15 In this case, the record does not reflect that Defendant Menton was ever served with the TAC.

16     The Court is aware that Fed. R. Civ. P. 5(a)(2) provides that no service is required on a
17 party who is in default for failing to appear. *Fed. R. Civ. P. 5(a)(2)*. However, in this case,
18 Judge Wanger dismissed several aspects of Plaintiff's claims. It appears Plaintiff subsequently
19 filed new claims, added new defendants, and included new factual allegations without an
20 acknowledgment that default was not issued based on this new pleading. (Doc. 142, pgs. 5-8). If
21 Plaintiff intends to pursue a Motion for Default Judgment against Defendant Menton she must
22 serve him with the TAC, or provide legal authority for the premise that there should be more than
23 one operative complaint in this case. Moreover, if Plaintiff is going to pursue a Motion for
24 Default Judgment based on the TAC, she shall obtain an entry of default from the Office of the
25 Clerk based on the amended pleading pursuant to Fed. R. Civ. P 55(a). Currently, no entry of
26 default exists based on the TAC.

4

*2. The Eitel Factors*

Factors which courts should consider in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). While Plaintiff has attempted to outline the causes of action, she has not provided the Court with an adequate analysis establishing her eligibility for relief. For example, in support of her claims Plaintiff merely references paragraphs in the FAC or her declaration which makes conclusory statements without proper explanation. Plaintiff must clearly articulate the basis for the sufficiency of any claims, as well as any damages requested. She must also attach corresponding documentation. Although Plaintiff provides the Court with figures of the amounts of damages, there is no indication how these amounts were originally calculated or why the relief requests was reduced.[2] It is Plaintiff's burden to establish she is entitled to the relief she is seeking. Plaintiff is advised that this Court will not comb through the docket or her pleadings to find documentation in support of her claims.

*3. Attorney's Fees*

Plaintiff has requested attorney's fees in the amount of $15,000 to be divided equally among three attorneys/agencies: California Rural Legal Assistance, the Housing and Economics Rights Advocates, and to Brancart and Brancart Law Firm. However, no attorney has submitted any evidence in the form of a declaration or billing statements outlining what services were performed, who performed them, and how much time was spent. Moreover, the request for

---

[2] For example, Plaintiff requests $44,520.05 for the breach of fiduciary duty. (Doc. 142 at pg. 6). Then she indicates that she is entitled to $55,721.88 for damages under the RESPA violations. (Doc. 142 at pg. 8). However, she is only asking for $15,000 in actual damages in the Motion for Default Judgment. Moreover, Plaintiff indicates there were settlement fees in the amount of $18,573.96, however, she only reference paragraphs in the FAC and her declaration to support these figures. This is insufficient.

attorney's fees for the Housing and Economic Rights Advocates appears to be improper at this time since the docket does not reflect that any attorney from this agency made an appearance in this action. Finally, there is also no authority cited for the premise that this Defendant is jointly and severally liable for attorney's fees. The Court notes that the other Defendants who settled this case only paid costs and did not pay attorney fees. (Docs. 129, 131). Plaintiff is requesting a considerable amount of attorney's fees but it appears the only work completed in this case for this Defendant was the filing of a motion for default judgment. Plaintiff is advised that this Court is not inclined to grant attorney fee's against this Defendant without proper documentation justifying the amount of work completed or without citation to appropriate legal authority establishing that this Defendant is responsible for paying the legal fees requested.

*4. Funds from Any Judgment*

Plaintiff is a disabled/incompetent individual who has a legal guardian.[3] However, the proposed order for the Motion for Default requests that this Court issue a monetary judgment in the amount of "$15,000 for the benefit of Josephine House." (Doc. 144). Local Rule 202 governing judgments obtained on behalf of minors and incompetents requires as follows :

> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor or incompetent person, the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.
> Local Rule 202(e).

Here, Plaintiff has not indicated how any funds recovered from a judgment will be handled, whether the guardian ad litem Stanislaus County was advised of the filing of the motion, and whether the guardian is in agreement with it.[4] Any amended Motion for Default Judgment should address these deficiencies as well as provide the Court with instructions outlining how

---

[3] This Court appointed the Stanislaus County as the guardian ad litem on February 12, 2009. (Doc. 14).

funds will be distributed if the judgment is collected.

### IV. Conclusion

Based on the foregoing, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE. Plaintiff shall file an amended Motion for Default Judgment remedying the deficiencies outlined above within **sixty (60)** days from the date of this order. Any causes of action not adequately addressed in the second Motion for Default Judgment will result in dismissal of those claims. Alternatively, Plaintiff shall file the appropriate dismissal papers regarding this Defendant within (30) days. Failure to follow this order will result in a recommendation that the claims against Defendant Larry Menton be dismissed.

The hearing scheduled for August 26, 2011 at 9:30 am is VACATED.

IT IS SO ORDERED.

Dated:   **August 25, 2011**               /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE